MARY J. NELSON, PLAINTIFF, v. RITZ-CARLTON RESTAURANT AND HOTEL COMPANY, DEFENDANT.

Decided November 20, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the rule, *Thompson & Hanstein*.

*Contra, William I. Garrison*.

PER CURIAM.

This action was instituted by the plaintiff to recover compensation for injuries received by her while a guest in the hotel of the defendant corporation. The proofs on the part of the plaintiff showed that she and her sister went to the hotel in the afternoon of July 13th, 1925; that they were assigned a room which was just being vacated by guests who had theretofore occupied it; that they found the room to be very uncleanly, the waste-basket not being emptied, the floor covered more or less with lint and cigarette ashes, and a lot of broken glass on the floor of the closet, which had no light in it; that they left the hotel for several hours for the purpose of affording the chambermaid the opportunity of fixing up the room; that they returned late in the evening, found that no cleaning had been done or any change made in the condition of the room, except that new sheets had been placed upon the bed and clean towels in the bathroom; that, notwithstanding the condition of the room, they retired for the night; that, in the morning there was a knock at the door, and the plaintiff got out of bed to answer the call; that, in doing so, she stepped upon a needle, which ran into her foot and broke; that she notified the manager of the hotel of the accident, and the physician employed by the management was then called and opened the foot and ex-

tracted the needle. The proofs submitted on her behalf also showed that, as the result of this accident, the foot became infected; that she was in bed several months and had to give up an employment for which she received $90 a month as compensation. The trial resulted in a verdict in her favor, the jury awarding her $2,500 as compensation.

The first ground upon which we are asked to set the verdict aside is that it was against the weight of the evidence. The argument in support of this contention is that the records of the hotel, which were offered in evidence by the defendant, show that the room to which the plaintiff and her sister had been assigned had been empty for two or three days; and, further, that it was the custom of the hotel management, whenever a room became vacant, to have it cleaned promptly. The case, however, is silent upon the question of whether the person who made these records had any knowledge of the condition of the room when it was assigned to the plaintiff and her sister; and there was no direct proof that, in accordance with the usual custom of the management, it had been cleaned prior to such assignment. In this situation, we consider that the jury was fully justified in finding that the condition of the room at the time of its occupation by the plaintiff and her sister was that testified to by them.

It is further argued on this point that, even assuming the testimony submitted on the part of the plaintiff as to the condition of the room at the time she and her sister took possession of it, that fact does not impose any liability for the accident upon the defendant corporation, for the reason that there was no proof that it had knowledge of the existence of the needle on the floor when the assignment of the room was made, or that the needle had been there so long before the happening of the accident as to charge it with notice. We think this contention also without merit. In our opinion, the proprietor of a hotel is bound to use due care to have a room therein thoroughly cleaned after its occupants have left the hotel and before its assignment to incoming guests. That the defendant corporation failed in the performance of

this duty is manifest from what has already been said; and, in the absence of any explanation of the reason for such apparent neglect, the jury was justified in finding the defendant liable.

It is next contended that the court erred in refusing to direct a verdict for the defendant. The ground of this motion was that there was nothing in the case which would support the conclusion that the accident was the result of any negligence on the part of any of its employes. What has already been said disposes of this contention.

The only other ground upon which we are asked to set aside the verdict is that it is excessive. If the testimony of the physicians called as witnesses by the defendant is an accurate description of the plaintiff's condition resulting from the accident, then the award is undoubtedly excessive. But, on the other hand, if that injury and its results were accurately described by the physician called on behalf of the plaintiff, then the verdict is moderate. The jury saw the witnesses, and it was its province to determine which of the conflicting medical statements was the more accurate. The jury accepted that of the physician called by the plaintiff, and we cannot say that it was not justified in so doing.

So considering, we conclude that the rule to show cause should be discharged.