MATILDA NORMAN, a single woman, operating and doing business as Penn Plaza Apartments, v. MARTHA SHULMAN, joined by her husband, Philip Shulman.

7 So. (2nd) 98                                                     En Banc
March 24, 1942                      Rehearing Denied April 13, 1942

Blackwell & Walker, for plaintiff in error.

Sam P. Greenberg, for defendant in error.

THOMAS, J.:

The declaration charged that the defendant was negligent in failing properly to illuminate the steps to the entrance of an apartment building which she owned and operated and that as a consequence the plaintiff, invitee and visitor there, was injured when she attempted to leave the building in the nighttime. It was also alleged that the defendant, in the maintenance and operation of the property, violated the provisions of Section 3361, C.G.L., 1927, and thus the plaintiff claimed responsibility on the part of the defendant for her negligence independent of statute and also because of her neglect to comply with the law.

Issue was formed by pleas of not guilty and contributory negligence and by special traverse.

The plaintiff entered the building after nightfall and at the time two lights were burning at the entrance. After paying a visit of two hours duration she left with a companion and passed through a darkened lobby and hallway to the threshhold which was also unlighted. In order to reach the street it was necessary to negotiate three steps which she attempted to do in the dark. She misjudged the width of the second one and fell, sustaining painful injuries.

No defect in the outside stairway has been established and the injury seems to have been entirely occasioned by failure of the plaintiff accurately to gauge the distance of her final step to the walk. It is her position that this miscalculation was attributable to the lack of any light and that the owner of

the apartment house should compensate her for her misfortune.

Our review of the authorities convinces us that there was no duty on the part of the defendant to have the entrance of the building lighted at the time the plaintiff was injured unless it was imposed upon her by the statute to which we will subsequently refer. In 32 Am. Jur., Landlord and Tenant, page 576, appears a statement of the rule regarding the duty of a landlord to light the premises: "The common-law liability of a landlord for the safe condition of approaches to, and the stairs and hallways in, premises used in common by different tenants, does not ordinarily require him to keep the ordinary halls and stairways lighted, and hence he is not ordinarily liable for injuries received by reason of the unlighted condition of this portion of the premises." Among decisions to support the announcement are: Gallagher v. Murphy, 221 Mass. 363, 108 N.E. 1081; McGowan v. Monahan, 199 Mass. 296, 85 N.E. 105. These same cases are given as authority for similar expressions of the principle appearing in 24 C.J. page 214.

The statute which defendant in error insists fixed responsibility on the part of defendant to keep the entrance lighted provides that "Every . . . apartment house . . . shall be properly plumbed, lighted, heated and ventilated, and shall be conducted in every department with strict regard to health, comfort and safety of the guests or tenants . . . ." Section 3361, C.G.L., 1927. Although there was an obligation under the Act to keep the house "properly lighted" we cannot extend the scope of the requirement to place a duty upon the owner to maintain illumination of the exterior at all hours of the night and make its

provisions so exacting that if any one deliberately used the approach when no light was shining he could do so and blame a resultant mishap on the owner. It was not the purpose of the law to make the owner an insurer.

According to the plaintiff's own testimony light shone on the steps when she entered so that it is evident the means of illumination had been provided by the landlord.

The principal obstacle to recovery on the part of the plaintiff, however, seems to us the negligence which she contributed to her own injury. When she attempted to descend the steps she had already passed through the unlighted hallway and lobby. As she left the building she was aware of the darkness of the entrance and yet she accepted the situation and chose to go forward in the dark. No effort was made to secure a light and actually her damage is traceable to her own miscalculation. Having undertaken to proceed in the darkness when she knew, because of her experience in entering the building that lights were available, she contributed so materially to her own injury that she should not have been awarded the verdict.

For the reasons we have given the judgment is—
Reversed.

BROWN, C. J., WHITFIELD, TERRELL, JJ., concur.

BUFORD and ADAMS, JJ., concur specially.

CHAPMAN, J., dissents.

BUFORD, J., concurring especially:

If I construed Section 3361 C.G.L. as it has been construed in the opinion prepared by Mr. Justice Thomas I would concur in the views expressed in that opinion, but I think that all Section 3361 C.G.L. re-

quires is the installation of proper facilities named in the statute, including facilities for lighting, and does not require the owner, or one standing in the place of the owner, of an apartment house to keep lights burning at all times.

It appears to me that the owner and lessee of the apartment house involved here had compiled with the requirements of the statute and that, therefore, there was no liability.

ADAMS, J., concurs.