**FLEDA V. WESTERBEKE v. W. N. REYNOLDS**

19 So. (2nd) 413                      June Term, 1944

October 13, 1944                      Division A

*G. P. Garrett* and *H. N. Roth,* for appellant.
*Giles & Gurney,* for appellee.

BUFORD, C. J.:

Appellant here was plaintiff in the court below and in her amended declaration alleged,

"(a) On, to-wit, April 3, A. D. 1940, the plaintiff sustained physical injuries by and through the negligence of the defendant, as follows:

"On said date, while it was still daylight, plaintiff, at the invitation of defendant's housekeeper, and by permission of defendant, W. N. Reynolds, visited the said housekeeper in her apartment on the second floor of the defendant's garage, located on defendant's home place in Orlando, Florida. Plaintiff reached said apartment by climbing an outside stairway which was the only means of access to said apartment. Plaintiff's mission was pursuant to a phone call asking her to come to exhibit samples of clothing to said housekeeper in order to induce her to place an order for purchase of clothing with planitiff who was then a sales-

woman for two clothing concerns located outside the State of Florida, namely, Bucklet Brothers, New York City. and Maisonette, Anderson, Indiana. After concluding said business visit the plaintiff then and there descended said outside stairway to reach the ground. At the time plaintiff descended said stairs at the conclusion of her said visit, said stairs were in complete darkness and plaintiff had to feel her way down said stairs. The final step from said stairs was on to a cement bottom platform, which was about three steps wide and then dropped to the cement driveway, dropping a distance of about the same height as the rises of the other stairs in said stairway. Plaintiff had not noticed this when climbing said stairs and had not been warned of this condition. Defendant had wholly failed to illuminate said stairs and plaintiff did not then and there know that there was then and there any light installation for illuminating said stairs which were then and there in total darkness. In descending said stairs plaintiff stepped off the last step downwards on to the cement bottom platform and walked across said platform assuming same to be at ground level and at the end of said platform stepped into space off onto the cement driveway, thereby fracturing the fibula of her left leg in two places and the tibia in one place, and sustained and suffered great pain, shock, bruises, contusions and other physical injuries, of a temporary and permanent nature to her said left leg."

Demurrer to this declaration was sustained; plaintiff suffered judgment and appealed.

It will be observed that the declaration does not allege any specific duty toward plaintiff which defendant was required to perform and failed to perform. The declaration entirely fails to allege wherein actionable negligence of defendant resulted in injury to plaintiff.

The original declaration did aver:

"(b) And it was then and there the duty of the defendant to protect his invitee by properly lighting the aforesaid stairway and the platform at the bottom thereof so that the plaintiff could see her footing.

"(c) But the said defendant then and there wholly failed

to light the said stairway and platform and left the same in total darkness, by reason whereof. . . ."

But, on demurrer being sustained to that declaration, the plaintiff filed the amended declaration and, evidently realizing the fallacy of the above quoted allegation, did not re-aver same in the amended declaration.

This case is to be clearly differentiated from Dempsey-Vanderbilt Hotel Co. v. Huisman, 153 Fla. 800, 15 So. (2nd) 903, and like cases where a defect in construction or then existing physical condition of the involved steps or stairway caused the injury.

It appears to us that the questons involved in this case were determined adversely to the contention of appellant in Norman v. Shulman, et al., 150 Fla. 142, 7 So. (2nd) 98, wherein we held:

"A landlord was under no duty to tenant's visitor to light entrance of building and hence was not liable under the common law for injury received by tenant's visitor when she fell in leaving unlighted entrance after misjudging width of a step."

"The common-law liability of a landlord for safe condition of approaches to, and stairs and hallways in premises used in common by different tenants does not ordinarily require him to keep the ordinary halls and stairways lighted." See cases there cited.

In that case it was contended that the rule stated, supra, did not apply because of the provisions of Sec. 3361 C.G.L., 511.13 Fla. Stats. 1941 (same F.S.A.), which provisions are not applicable here.

Both the original and amended declarations failed to allege a cause of action and, therefore, judgment is affirmed.

So ordered.

TERRELL, CHAPMAN and ADAMS, JJ., concur.