59 So.2d 748 (1952)
BREAU
v.
WHITMORE et al.
Supreme Court of Florida, Division A.
July 1, 1952.
Charles R. Tripp and Morrow & Mayes, Miami, for appellant.
Dixon, DeJarnette & Bradford, Reginald L. Williams, Miami, for Clifton Whitmore.
Knight, Smith & Underwood, Miami, for Cosen Inv. Co., Inc., and the Keyes Co.
Blackwell, Walker & Gray, Miami, for Edward M. Fleming Const. Co., a Florida corporation, and Edward M. Fleming and Anthony A. Fleming, individually and doing business as Edward M. Fleming Const. Co., a partnership, appellees.
HOBSON, Justice.
Appellant initiated this action in the lower court to recover damages for personal injury suffered by him when he walked into a plank or scaffold which was projecting into the hallway in the Seybold Building, Miami, Florida, at an elevation about the level of appellant's eyes, which hallway was the one he customarily used when leaving the office in which he worked. He alleged that the injury which he suffered was brought about by the joint negligence of the appellees. In his second amended declaration appellant (plaintiff below) alleged that Cosen Investment Co. owned the office building and the Keyes Company operated and maintained it as agents for Cosen, and these two defendants, failing in their duty to keep the hallway open and free from obstruction carelessly allowed the plank to protrude without warning. The defendants, Fleming and Whitmore, were alleged *749 to have been negligent because they knew, or should have known, that the hallway would be used by occupants of the building, as well as other persons, after their employees quit working for the day at about 4:30 p.m. and failed in their duty to see that the common hallway was not dangerously obstructed without warning. The declaration was amended to amplify the elements of special damage and to add the Fleming partnership. All of the appellees (defendants below) filed among other pleas a plea of contributory negligence on the part of appellant. After appellant had presented all of his evidence a motion for a directed verdict was granted by the trial judge in favor of all of the appellees.
Appellant testified that he had worked in the Seybold Building for the Johnson Clock Company for a period of seven or eight years prior to his injury; that he had seen work going on in the hallway for some time prior to the date upon which he was injured; that the plank was being used as a scaffold in the reconstruction or renovation work on the building; that he was looking down at his feet or the floor of the corridor when he walked into the plank; that there were no lights on in the hall at the time and that it was "rather dark"; that the scaffold or plank had been moved by the workmen as they progressed with their work; that he had passed this scaffold or another like it before when leaving his office and that the night before the accident he had passed the plank but that it was not in the same location; he estimated the width of the hallway as about four feet, except where the columns come up into the hall (in such places the width would be some 5 or 6 inches less than four feet); he admitted that there was room enough for a person to walk in the hallway and pass the plank without any difficulty but that he did not see the plank before walking into it while taking or after having taken about five steps from his office door.
The hallway into which the plank or scaffold projected runs along an airway which is open at the top to permit ventilation and light. Although appellant testified it was "rather dark" he also testified that the day on which the accident occurred was July 26, 1948, and the hour about 6:00 o'clock p.m. We do not deem it particularly significant that there were no lights on in the hallway because we take judicial notice of the fact that upon said date and at said hour it was still daylight and appellant did not allege that there was any unusual weather condition which might have caused a premature darkness or early dusk or that the hallway was so dark at all times as to require artificial lighting for safe pedestrian travel.
Moreover, although appellant and his employer testified that it was "rather dark", neither of them attempted to say that had appellant been looking out for his own safety he could not have seen the plank because of darkness or semi-darkness. On the other hand, appellant testified that he had been working as a watchmaker or watch repairman under a strong artificial bench light only a few minutes before he left his office. His counsel holds the view that this is a circumstance which tends to negative contributory negligence. We think it is one of the factors which point directly and unerringly to his disregard of his own safety. It is patent that he, above all persons, knew that his eyesight was not up to par when he walked out of his office and into the hallway. He also knew planks or scaffolds had been placed, and might still remain at most any spot, therein.
The real question presented by this appeal is whether the Circuit Judge erred in directing a verdict in favor of the appellees upon motion made therefor at the conclusion of the evidence presented by appellant as plaintiff below.
We need spend no time in a discussion of the question whether the appellant established a prima facie case of negligence against the said appellees because if such fact be conceded we have the view and hold that the appellant demonstrated conclusively by his evidence that the accident of which he complains was a direct and proximate result of his own negligence. It is clear that the appellant was guilty of contributory negligence and that such negligence was the proximate contributing cause of his injury.
*750 Counsel for appellant contends that the cases cited by counsel for appellees are "floor level" cases and are not applicable to the instant suit because appellant was looking where he was going, that is he was looking toward the floor. Counsel argue that appellant could not look both where he was stepping and at eye level at the same time. We cannot follow this line of reasoning because it cannot be said that a person is using ordinary and reasonable care for his own safety when he looks down at the floor so intently and directly that he cannot see an obstruction at eye level while traversing approximately five steps before walking into it, particularly when there is ample room for him to pass by without striking such object and when he knew that it had been in the hallway and had no reason to assume that it might not still be at some point therein. Consequently, we agree with counsel for appellees that the following cases control the instant suit. Matson v. Tip Top Grocery, 151 Fla. 247, 9 So.2d 366; Clyde Bar v. McClamma, 152 Fla. 118, 10 So.2d 916; Miller v. Shull, Fla., 48 So.2d 521; MacMillan v. Insurance Exchange Building, Inc., Fla., 58 So.2d 163. See also Stanford v. Atlantic Life Insurance Co., 5 Cir., 109 F. 428, which case was tried in the Federal Court in Florida because of diverse citizenship and which, of course, required application of the law of this jurisdiction on contributory negligence.
Under all the facts and circumstances disclosed by appellant's evidence, it can, with certainty, be said that he was guilty of contributory negligence for he voluntarily exposed himself to an unreasonable and unnecessary risk which a reasonable man in a similar situation would not have done.
The learned Circuit Judge did not err in directing a verdict for the appellees. See Duncan v. Growers Equipment Co., 146 Fla. 417, 1 So.2d 458; Swilley v. Economy Cab Co. of Jacksonville, Fla., 56 So.2d 914. Hence the final judgment from which this appeal was taken should be and it is hereby affirmed.
SEBRING, C.J., and TERRELL and THOMAS, JJ., concur.