66 So.2d 218 (1953)
RUBEY et al.
v.
WILLIAM MORRIS, INC.
Supreme Court of Florida, Special Division A.
July 17, 1953.
*219 Murray Sams, Jr., and Thomas C. Britton, Miami, for appellants.
Dixon, DeJarnette & Bradford, Miami, for appellee.
SEBRING, Justice.
The plaintiffs below have appealed from a summary final judgment entered upon a motion to dismiss a complaint which alleged, in substance, as follows:
The defendant operated and managed a hotel open to the public. The plaintiffs, who were husband and wife, jointly engaged a room at such hotel from the defendant for a valuable consideration. While she was a guest of such hotel, the plaintiff, Mary Rubey, was caused to fall by a dangerous and unsafe condition, negligently and carelessly caused and maintained by the defendant upon the premises of the hotel, namely a rolled up bath mat upon the floor of the bathroom of the room engaged by plaintiffs, so placed as to trip any person entering such bathroom, upon which such plaintiff did in fact trip and fall, and so placed that it could not be seen at night with the lights located in such hotel room, which were then turned on, but could only be seen by the bathroom light, which could not be turned on except by a person who had already entered such bathroom. Plaintiffs had not previously entered such bathroom and were not aware of the existence of such dangerous condition. Such rolled up bath mat had been so placed by the servants of the defendant acting within the scope of their authority, or such servants had carelessly and negligently failed to remove such hazard before plaintiffs were placed by the defendant in said premises.
The question is whether the complaint wholly fails to state a claim for relief.
In support of its position that the complaint does not state a claim for relief the appellee has the following to say in its brief:
"The facts as alleged in the plaintiffs' complaint were assumed to be true by the Court, for the purpose of the hearing on the defendant's motion to dismiss. The court found that, assuming all the facts to be true, the complaint failed to state a cause of action. We are faced in this case with a simple `either-or' proposition. There are two, and only two, possibilities in this case and the appellees contend that neither of these possibilities can form a basis for a cause of action.
"Admittedly there was a rolled up bath mat on the floor of the appellants' bathroom. Admittedly the room was dark and the light switch referred to in the complaint was located on the far side of the bathroom. But even assuming these facts, the complaint shows that the appellant was guilty of such contributory negligence that she cannot recover from the defendant as a matter of law.
"Because of the lighting conditions existing in the appellants' suite, this bathmat, as it lay on the floor, was either visible or invisible to the injured appellant. If the lighting conditions were such that this mat was visible, then the appellant should have seen what was there to be seen * *. If, on the other hand, the lighting available to the plaintiff was so poor that a rolled up bathmat on the floor of the bathroom could not be seen, then the appellant was guilty of contributory negligence as a matter of law."
In support of its position that appellant was chargeable with the duty of seeing what was there to be seen, the appellee cites Matson v. Tip Top Grocery Co., 151 Fla. 247, 9 So.2d 366; Clyde Bar Inc., v. McClamma, 152 Fla. 118, 10 So.2d 916; Miller v. Shull, Fla., 48 So.2d 521; Earley *220 v. Morrison Cafeteria Co. of Orlando, Fla., 61 So.2d 477. To sustain its position that the appellant would be guilty of contributory negligence as a matter of law if she entered a bathroom where the lighting afforded was so poor that a rolled up bath mat on the floor could not be seen by her, the appellee relies upon Tutwiler v. I. Beverally Nalle, Inc., 152 Fla. 479, 12 So.2d 163, as being controlling in principle.
We commend appellees counsel for the frank and open manner in which they have presented their contentions in support of the order appealed from. If all cases brought here were presented in such fashion it would lighten the labors of an already overburdened court immeasurably. We wish it were only possible, as a reward for such frankness, to be able to say that we agree with the contentions of the appellee that the judgment appealed from should stand affirmed  but we find ourselves unable to do so in the light of what we conceive to be the controlling law on the subject.
We recognize the general rule quoted by appellee that "A person who comes into an unfamiliar situation, where a condition of darkness renders the use of his eyesight ineffective to define his surroundings, is not justified, in the absence of any special stress of circumstances, in proceeding further, without first finding out where he is going and what may be the obstructions to his safe progress. Violation of that rule is contributory negligence as a matter of law * * *." Sherman & Redfield on Negligence, Vol. 1, sec. 131, Rev.Ed. 1941. Norman v. Shulman, 150 Fla. 142, 7 So.2d 98; Tutwiler v. I. Beverally Nalle, Inc., supra.
But we also recognize the exception to that rule stated as follows: "Under some circumstances, however, there may be a question for the jury rather than contributory negligence as a matter of law. This situation exists when the facts permit a finding that the injured party's conduct had its basis in a reasonable expectation." Sherman & Redfield on Negligence, supra, section 131. Such an exception is applicable, we think, under circumstances which permit a finding that the injured party's conduct had its basis in a reasonable expectation that no danger was to be apprehended in a given situation; for it is not contributory negligence to fail to look out for danger when there is no reason to apprehend danger. J.G. Christopher Co. v. Russell, 63 Fla. 191, 58 So. 45; Mertz v. Krueger, Fla., 58 So.2d 160. In other words, contributory negligence may be a jury question "where the injured person had possibly some right to assume that the place was safe." See anno. 163 A.L.R. 586 at 613: "Entering dark place on unfamiliar premises as contributory negligence."
On this principle of "reasonable expectation" that no dangerous condition exists, the instant case is clearly distinguishable from Tutwiler v. Beverally Nalle, Inc., supra, and similar cases relied on by appellee, where an invitee, who is a prospective tenant or has other lawful business on the premises, opens the door leading from a room in a strange house or building and steps into a dark area or stairwell without first using ordinary care to ascertain what he may be entering into.
In the case at bar the defendant rented a room and bath to the plaintiffs for a valuable consideration. In the ordinary use to which the room would be put by the plaintiffs as paying guests, they had the right to assume that it would be reasonably free from defects or obstructions that might cause injury. Anno. 18 A.L.R. 2d 973-982. Mrs. Rubey knew the nature of the room she was about to enter, and what its general arrangement was likely to be. Her conduct in going forward in the semi-darkness had its basis in a reasonable expectation that she would find the room in the condition that unused bathrooms in the guest rooms of a hotel are generally kept and maintained. Certainly, there was nothing to put her on notice that if the bath mat was on the floor it would be rolled up instead of lying flat on the floor.
The fact that the bathroom was in darkness did not change the situation, for, since according to the complaint, the electric *221 light in the bathroom could not be turned on without traversing the room, Mrs. Rubey's only alternative would have been to obtain matches or a flashlight, or to call the management, to guide her into the room which, by the very nature of the relationship between innkeeper and guest, the defendant had impliedly represented was in a reasonably safe condition. Nelson v. Ritz-Carlton Restaurant & Hotel Co., 157 A. 133, 9 N.J. Misc. 1240; anno. 18 A.L.R.2d 973; Compare Miller v. Shull, Fla., 48 So.2d 521; Goldin v. Lipkind, Fla., 49 So.2d 539.
The rule, therefore, that darkness puts one on notice of dangers which one is unable to see, does not apply in a case like this, where the circumstances shown by the complaint were such that the plaintiff could reasonably expect that there would be no such dangers or perils as that which caused the injury.
We conclude, accordingly, that the complaint did not wholly fail to state a claim upon which relief could be granted, and hence that the judgment should be reversed with directions that the cause proceed in accordance with rules and the principles stated in this opinion.
It is so ordered.
ROBERTS, C.J., TERRELL, J., and DAYTON, Associate Justice, concur.