77 So.2d 858 (1954)
J.R. BRANT, Appellant,
v.
Ora Bell VAN ZANDT, Appellee.
Supreme Court of Florida. En Banc.
November 2, 1954.
On Rehearing January 25, 1955.
*859 Paul Ritter, Winter Haven, for appellant.
R.B. Huffaker, Bartow, for appellee.
DREW, Justice.
In this opinion the parties will be referred to by their status in the trial court where the appellant was defendant and the appellee was plaintiff.
The complaint alleged in substance that, while plaintiff was a paying guest in defendant's hotel, the defendant negligently left a hallway, which contained a set of descending stairs, unlighted and dark and, as a result of such negligence, plaintiff suddenly tripped and fell down said stairs and suffered permanent injuries. Defendant's motion to dismiss the complaint was overruled, defendant filed his answer, a trial was had before a jury, and damages were awarded to the plaintiff. This appeal is from the final judgment in favor of plaintiff.
The evidence disclosed the following:
The hotel owned by defendant had a lobby some twenty-four feet in length. A hallway three and one-half feet wide ran parallel to one side of the lobby. At one end of the lobby a doorway led into this hallway and immediately across the hall was another doorway leading into the kitchen. In the hallway at the south end was a flight of basement stairs, the first step of which started at a distance of 10 inches from, and at right angles to, the doorway leading from the lobby. At the opposite end of the hall was a public telephone booth. The hotel guests had use of the hallway.
On the evening of May 1, 1950, plaintiff, who had been a paying guest at the hotel for about six weeks, agreed to watch and care for the hotel lobby while the manager went to a show, and sat in the lobby for that purpose. At that time there was one light on in the lobby and no light on in the hallway. The hall light fixture at the south end was attached to the hall ceiling 6 feet 2 inches above the floor and *860 had a six inch pull chain but there was no wall switch to operate this light fixture.
The plaintiff heard a noise like some one was trying to get into the back door of the hotel. She crossed the lobby to the west door leading into the hall and put her hand on the outside wall to feel for a switch which she thought would be there. Finding no switch she stepped across the hall, felt for a switch, took one step further to locate the switch, and plunged down the stairway.
In connection with the events immediately preceding the injury and concerning the question whether the hall was dark and whether the plaintiff had knowledge of the existence of the stairway, the record reveals that the plaintiff testified as follows:
"Q. You, of course, knew the light wasn't on when you went to the stairs. A. I was feeling for stairs [sic] when I went into the hallway. I thought it was probably  would probably be right outside the door. I thought there would be a switch there.
"Q. But you didn't find the switch and just went right on? A. That's right, I was feeling for the light and didn't realize the steps were so near the doorway.
"Q. You went feeling for the steps? A. I was feeling for the switch on the wall to turn the light on and took the step too much."
* * * * * *
"Q. Then you had seen those same steps before? A. Yes I had seen them from the hallway where you use the telephone, but I had never been to them."
* * * * * *
"A. How far was the telephone from the stairway? Is that your question?
"Q. Yes, ma'am. A. Probably ten feet. Now I don't know.
"Q. You'd say approximately ten feet from the stairway? A. Yes.
"Q. And you had been in this hallway that the stairs led off of on numerous occasions? A. I had used the telephone two different times.
"Q. And on those occasions you saw the stairway? A. You will just naturally glance down the hallway and I saw there were some steps."
Two highly significant facts are clearly established from the foregoing examination of the plaintiff. The first is that the hallway was dark and that she had knowledge of such darkness but nevertheless proceeded therein. The second is that she had knowledge of the existence of the stairway at that approximate location.
Defendant contends that the trial court should have granted his motion for directed verdict and entered judgment for defendant because, among other things, the evidence shows that plaintiff was guilty of contributory negligence as a matter of law. In view of our conclusion that the judgment of the lower court must be reversed because of the refusal to grant a directed verdict for defendant, it is unnecessary for us to discuss other assignments of error relating to sufficiency of the complaint to state a cause of action.
The defendant relies for reversal upon the authority of such cases as Breau v. Whitmore, Fla. 1952, 59 So.2d 748; Westerbeke v. Reynolds, 1944, 155 Fla. 2, 19 So.2d 413; and Norman v. Shulman, 1942, 150 Fla. 142, 7 So.2d 98. The plaintiff contends that the judgment should be affirmed upon the authority of Rubey v. William Morris, Inc., Fla. 1953, 66 So.2d 218 and Goldin v. Lipkind, Fla. 1950, 49 So.2d 539, 27 A.L.R.2d 816.
In Breau v. Whitmore, supra, plaintiff walked into a scaffold at eye level in a dark hallway although he had seen the construction work going on there for some time previous. On these facts we affirmed a directed verdict for the defendant. In Westerbeke v. Reynolds, supra, plaintiff, *861 while departing from a building, fell on unlighted stairs which she had used a short time before in entering the building. We affirmed a judgment for the defendant based upon a dismissal of the complaint. In Norman v. Shulman, supra, the plaintiff, knowing that lights were available, fell on the unlighted stairs upon leaving a building by the same route used two hours earlier, and we reversed a judgment for the plaintiff. It will be observed that the plaintiff, in each of these cases, in proceeding forward in the dark, had knowledge not only of the insufficient lighting (the darkness) but also of the existence of the particular physical impediment encountered to his injury.
We now turn to the cases relied upon by the plaintiff: Goldin v. Lipkind, supra, was a case in which plaintiff alleged that, while she was a guest at the defendant's hotel, the defendant negligently left a mattress in a hallway and negligently failed to provide proper lighting as a result of which plaintiff tripped and fell over the mattress while she was passing through the hallway. These allegations were held sufficient to state a cause of action. In the case of Rubey v. William Morris, Inc., supra, plaintiff alleged that, while she was a guest of defendant's hotel, she was caused to fall by a dangerous condition negligently maintained by the defendant, namely, a rolled up bath mat upon the floor of the bathroom at the entrance which could only be seen by use of the bathroom light which could not be turned on except by a person who had already entered the bathroom. We reversed a final judgment entered upon a motion to dismiss the complaint. To the contention that plaintiff must be held guilty of contributory negligence as a matter of law because she advanced forward in the dark, this Court said:
"The rule, therefore, that darkness puts one on notice of dangers which one is unable to see, does not apply in a case like this, where the circumstances shown by the complaint were such that the plaintiff could reasonably expect that there would be no such dangers or perils as that which caused the injury." 66 So.2d 218, 221.
In each of the last two cited cases, the plaintiff in proceeding forward in the dark, although she had knowledge of the darkness, had no knowledge of the impediment causing injury but instead had the right to assume that the way was free of that impediment. From these cases the rule seems to be clearly established that where a person proceeds in the dark but has a right reasonably to expect that the route ahead is free of the particular physical impediment which causes injury, it is for the jury to determine from all the circumstances whether that person used due care. Rubey v. William Morris, Inc., supra; Goldin v. Lipkind, supra. See also Mertz v. Krueger, Fla. 1952, 58 So.2d 160. But where a person has knowledge or notice of a particular physical impediment causing injury, he cannot be said to have a right to assume the place is safe. And, subject to exceptions hereafter noted, if he proceeds while aware of the darkness and is injured by an encounter with the very impediment which he knew or should have known existed, he is guilty of contributory negligence as a matter of law. Breau v. Whitmore, supra; Westerbeke v. Reynolds, supra; Norman v. Shulman, supra. See also Nussbaum v. Sovereign Hotel Corp., Fla. 1954, 72 So.2d 814.
The plaintiff in the instant case clearly is within the rule of the last cited cases. At the time she ventured forward into the hallway, she not only was aware of the darkness but also had knowledge that the stairway on which she fell was located at that vicinity, and there was no compelling necessity to go forward. The fact that the plaintiff may have forgotten the existence of the danger does not excuse her conduct nor make her actions any the less contributory negligence as a matter of law. Forgetfulness of a known danger is contributory negligence in itself where it is not consistent with the exercise of ordinary care. See 38 Am.Jur. 863, Sec. 187. Nor was the conduct of the plaintiff excused by an application of the exception *862 to the rule stated in 38 Am.Jur. 864, Sec. 187, as follows:
"Exceptions to the general rule, that the plaintiff's failure to avoid a known peril is not excused by the fact that he forgot the peril, exist where his attention was diverted from the danger by a disturbing situation, as where he was confronted by an emergency or acted to save life."
It is the duty of all persons to observe ordinary care for their own safety. Self-preservation is the first law of nature and instinctive in all living things. A prudent person does not proceed in the dark in an unknown place when there is no pressing emergency to do so after the peril has been discovered and a clear opportunity exists to return to a safe place. Injuries occurring because of a failure to observe these fundamental rules, where the evidence establishing such facts is clear and undisputed, constitutes contributory negligence as a matter of law, and in such cases it is the duty of the trial court to direct a verdict in favor of the defendant.
Because of the error committed by the lower court in failing to grant a directed verdict in favor of the defendant, this cause is reversed with directions to enter a judgment in favor of the defendant.
THOMAS, SEBRING, HOBSON and MATHEWS, JJ., concur.
TERRELL, Acting Chief Justice, dissents.
ROBERTS, C.J., not participating.
TERRELL, Justice (dissenting).
The opinion of Mr. Justice Drew reverses the judgment below on the ground that plaintiff was guilty of contributory negligence as a matter of law and being so no jury question was presented. I think the opinion commits this Court to the minority view. Other jurisdictions have considered the question and have held that one is not guilty of contributory negligence or assumption of risk as a matter of law when trying to locate a light in a dark hall and falls down stairs. This is all the more true when there is an ordinance or statute which requires public passageways to be lighted. Truax v. Knox, 1919, 188 App.Div. 61, 175 N.Y.S. 772; Schabel v. Onseyga Realty Co., 1931, 233 App.Div. 208, 251 N.Y.S. 280; Maitz v. Lulewicz, 1947, 133 Conn. 355, 51 A.2d 595.
Courts have been reluctant to charge one who uses unlighted stairs with assumption of risk or contributory negligence as a matter of law where a duty to light them is imposed by statute. Heinberg v. Sikora Realty Corp., 1920, 110 Misc. 323, 180 N.Y.S. 405; Silverman v. Ulrika Realty Corp., 1933, 239 App.Div. 194, 267 N.Y.S. 360; Sodekson v. Lynch, 1943, 314 Mass. 161, 49 N.E.2d 901; Rodgers v. Stoller, 1947, 284 Ky. 108, 143 S.W.2d 1047; Kelenic v. Berndt, 1924, 185 Wis. 240, 201 N.W. 250; Hill v. Raymond, 1935, 65 App.D.C. 144, 81 F.2d 278; Plotkin v. Meeks, 1936, 131 Ohio St. 493, 3 N.E.2d 404, and others cited in the annotation contained in 25 A.L.R.2d 487, 545.
Norman v. Shulman, 1942, 150 Fla. 142, 7 So.2d 98, tends to support the rule approved in the majority opinion. It will be observed, however, that this case had to do with an accident on an anterior stairway at night in an apartment building. The other cases cited in said opinion, in my view, have distinguishing characteristics that remove them from the rule in this case. Breau v. Whitmore, Fla. 1952, 59 So.2d 748, involved an accident in a common hallway but there was no allegation that the hallway was so dark as to require artificial lighting. The plaintiff did not look where he was going.
Westerbeke v. Reynolds, 1944, 155 Fla. 2, 19 So.2d 413, is not in point for two reasons, first, the case did not involve the question of whether the plaintiff was guilty of contributory negligence or had assumed the risk, and second, it went off on the theory that the statutory duty upon apartment owners to place lights where necessary did not apply to the garage apartment or private home type of structure, because at common law there was no duty on such owner to light ordinary halls and stairways.
*863 Nussbaum v. Sovereign Hotel Corp., Fla. 1954, 72 So.2d 814, is likewise not in point as I see it for the reason that the tenant was injured in her own apartment, alleging as the proximate cause the failure of the landlord to provide modern wiring as the lights in her apartment went out because of an overloaded circuit. The statutory duty of a hotel owner was not involved, nor was the accident in a common hallway. For the same reasons, Tutwiler v. I. Beverally Nalle, Inc., 1943, 152 Fla. 479, 12 So.2d 163 is not controlling.
It is singular that we have no Florida cases so close in point as to rule the case at bar but the more recent ones do indicate a tendency to allow the jury to determine the question of contributory negligence, the assumption of risk or negligence on the part of defendant. In Mertz v. Krueger, Fla. 1952, 58 So.2d 160, the court held that the plaintiff was not barred as a matter of law from recovery for her injuries sustained from falling over a seawall at night where the tourist cottage owner had not properly lighted, posted signs or guard rails. It is true that the case involved an injury outside the house but it also concerned itself with the problem of contributory negligence and wandering by the plaintiff in the dark.
Goldin v. Lipkind, Fla. 1950, 49 So.2d 539, is the strongest case cited to support appellees. Judge Drew distinguishes that case on the ground that it was an unknown danger (the mattress) in the unlighted hallway. This is perhaps a valid distinction but the fact remains that the proximate cause of the injury was two-fold: one, negligence of the hotel owner leaving the mattress in the hallway and, two, failure to light the hall.
Since no cases in this jurisdiction are close enough in point to be controlling, the only recourse for supporting authority is to the majority rule followed in other jurisdictions and contained in 25 A.L.R.2d 499 as follows:
"While the general rule as to contributory negligence has been applied in situations under consideration the courts have generally refused to hold that the plaintiff was chargeable with contributory negligence or assumption of the risk merely because he ventured upon the commonway, knowing it was unlighted, especially where the duty to light is imposed by statute."
and again on page 545 of 25 A.L.R.2d:
"Some of the courts have been especially reluctant to charge one using unlighted stairs with assumption of the risk or contributory negligence as a matter of law where the duty to light is imposed upon the landlord by statute, since this might have the effect of circumventing the legislative intent."
I think this is the majority rule and should govern the instant case. I cannot get away from the hornbook principle that "for every wrong there is a remedy." The plaintiff must of course show the wrong but in a case like this when that is done the question of negligence is for the jury. I think the majority opinion usurps the jury's prerogative. I therefore dissent.

On Rehearing.
DREW, Justice.
The petition for rehearing by appellee having been granted, and the case having again been considered, it is ordered that the original majority opinion filed November 2, 1954 be adhered to.
MATHEWS, C.J., and THOMAS and SEBRING, JJ., concur.
TERRELL and HOBSON, JJ., dissent.
ROBERTS, J., not participating.