DREW, Justice.
It is seldom that a record establishes negligence of a city for defective maintenance of its sidewalks as clearly as in this case. That the condition of the sidewalk at the place where the plaintiff below was injured was dangerous to pedestrians appears conclusively from the photographs in evidence and from the lips of all the witnesses. It is not even questioned in the evidence that this stretch of sidewalk had remained in such defective and dangerous condition for a period of at least ten years, thereby establishing beyond any doubt one of the elements which is sometimes missing in cases of this kind, namely that the city unquestionably had knowledge of the dangerous condition and ample time and opportunity to remedy it.
There is a line which separates the cases where the existence of contributory negligence is a matter of law and where the question is one to be determined by the jury. In the case of Brant v. Van Zandt, Fla., 77 So.2d 858, 861, opinion filed November 5, 1954, we endeavored to clarify that distinction in cases like this when we stated:
“From these cases the rule seems to be clearly established that where a person proceeds in the dark but has a right reasonably to expect that the route ahead is free of the particular physical impediment which causes injury, it is for the jury to determine from all the circumstances whether that person used due care. Rubey v. William Morris, Inc., supra [Fla., 66 So.2d 218]; Goldin v. Lipkind, supra [Fla., 49 So.2d 539, 27 A.L.R.2d 816], See also Mertz v. Krueger, Fla.1952, 58 So.2d 160. But where a person has knowledge or notice of a particular physical impediment causing injury, he cannot be said to have a right to assume the place is safe. And, subject to exceptions hereafter noted, if he proceeds while aware of the darkness and is injured by an encounter with the very impediment which he knew or should have known existed, he is guilty of contributory negligence as a matter of law. Breau v. Whitmore, supra [Fla., 59 So.2d 748]; Westerbeke v. Reynolds, supra [155 Fla. 2, 19 So.2d 413]; Norman v. Shulman, supra [150 Fla. 142, 7 So.2d 98], See also Nussbaum v. Sovereign Hotel Corp., Fla., 1954, 72 So.2d 814.”
Applying the above rule, the question of contributory negligence in this case is squarely for the jury to decide. The evidence clearly shows that the plaintiff below was not aware of the dangerous condition of the sidewalk prior to the time of injury. Therefore, the question of whether the failure to observe the condition constituted contributory negligence was one for the jury. The case would have fallen under the other rule had the witness testified or had the evidence otherwise established that the plaintiff knew of the defective condition of the sidewalk prior to the time she proceeded forward in the dark.
Moreover, on the question of contributory negligence, in the recent case of City of Jacksonville v. Stokes, Fla.1954, 74 So. 2d 278, 279, (a sidewalk case), we held that the question there was one for the jury to determine. In that case we said:
“The question is whether one should be aware of the danger. This depends largely upon the likelihood of encountering danger. Very rarely do objects from above cause us harm, so persons are not careless who do not go about examining the sky. One need not look for danger unless there is reason to expect it.” (Emphasis added.)
In the instant case the plaintiff was walking along a smooth concrete public sidewalk in the City of Palatka. It was after dark. The plaintiff had a right, under such circumstances, to assume that the place furnished by the City for pedestrians to walk over was reasonably safe for that purpose. She was not required to carry a flashlight to discover whether a walkway which she had a right to assume to be safe was safe in fact. Whether her conduct in failing to see and avoid the danger contributed to her injury under such circumstances was for the jury to decide.
*564 In the matter of the alleged variance, there is grave doubt as to whether any variance between pleading and proof occurred and whether the question is raised. The motion for directed verdict relied upon to raise this point merely stated that “there is a fatal variance” between pleading and proof but failed to mention in what particular the variance existed. But, even if it be conceded that the question is raised and that there is some discrepancy between plaintiff’s pleading that she stepped into a hole or crevice at a place where the sidewalk was broken but proved that she stumbled at that place over a portion of sidewalk which was broken and projecting about six inches to a foot high, such discrepancy is wholly immaterial because it could not conceivably have misled or prejudiced the defendant. During the trial the defendant made no claim of prejudice in this respect; nor does the defendant on this appeal point to any manner in which the alleged variance caused it any disadvantage.
Affirmed.
THOMAS'-and HOBSON, JJ., concur.
BARNS, J., concurs specially.
MATHEWS, C. J., and SEBRING and ROBERTS, JJ., dissent.