93 So.2d 116 (1957)
Virginia DELANY, Appellant,
v.
BREEDING'S HOMESTEAD DRUG CO., a Florida Corporation, Appellee.
Supreme Court of Florida, Special Division A.
February 26, 1957.
Sylvester P. Adair, Homestead, for appellant.
Blackwell, Walker & Gray, Miami, for appellee.
*117 THORNAL, Justice.
Appellant Delany, who was plaintiff below, seeks reversal of a summary judgment in favor of appellee Breeding's Homestead Drug Co., defendant below, in a negligence action.
The only point to determine is whether there was a genuine issue on a material fact sufficient to preclude the entry of the summary judgment.
Appellee Breeding operated a drug store in the City of Homestead. For the convenience of its customers, appellee operated and maintained a parking lot at the rear of its store. About 7:15 p.m. on the night in question, Mrs. Delany entered the parking lot in an automobile driven by her husband who parked the car at about the center of the lot. Intending to mail a letter at a mailbox on the corner and then enter the drug store to make some purchases, Mrs. Delany got out of the automobile alone. She proceeded across the lot toward a sidewalk. The parking lot was bordered by 4" x 4" black bumper logs, obviously placed around the lot so as to prevent the automobiles from being driven upon the sidewalk area. She proceeded in the dark between two parked vehicles. As she was about to emerge onto the sidewalk from between the two automobiles, she tripped over a bumper log with resulting injuries. Her deposition reveals that she was not hurrying and was walking in a normal fashion. She stated that she had not been on the lot previously although she was aware of the fact that possibly some of the other parking lots in Homestead used similar bumper logs. Her husband's deposition was rather confused as to whether or not she had previously been on the lot. She did not see the bumper log before she tripped over it. The trial judge apparently was of the view that she was guilty of contributory negligence as a matter of law and granted summary final judgment for the defendant. Reversal of this judgment is now sought.
The plaintiff-appellant contends for reversal on the proposition that she had a right to expect the route that she followed to be free of this particular physical impediment and that she did not fail to use reasonable care for her own safety under the circumstances.
It is the contention of the appellee that appellant walked into an unfamiliar area in the darkness of night without exercising due caution for her own safety.
We are confronted with the application of the proper rule where an injury occurs under circumstances complicated by the darkness of night. At first glance our long list of precedents on the subject might appear to present conflicts within our own decisions. Actually, we think they do not. The conflict is more apparent than real. A careful analysis of the cases suggests certain well-defined rules or principles. The application of these rules to particular facts has produced the difficulty. We think it well to summarize some of these holdings herewith to demonstrate their consistency and to provide a guide to the handling of similar future cases by the trial courts.
The applicable principles were reviewed in our opinion in Rubey v. William Morris, Inc., Fla. 1953, 66 So.2d 218. We there gave full recognition to the general rule that one who enters a totally unfamiliar area in the darkness is not justified, in the absence of any special stress, in proceeding without first ascertaining whether there are any obstacles to his safe progress. The effect of this general rule is that the darkness, which precludes the effective use of one's eyesight, is in and of itself sufficient warning to signal caution to one entering into an unfamiliar situation. Conversely, if a person under these circumstances fails to heed the signal, he is guilty of contributory negligence as a mater of law if injury ensues because of his own failure or disregard of reasonable caution for his own safety. Shearman and Redfield on Negligence, Vol. 1, Sec. 131, Rev.Ed. 1941; Norman v. Shulman, 150 Fla. 142, 7 So.2d 98. The basic essentials to the application *118 of this general rule are: (1) darkness that makes ineffectual the normal use of one's eyes, and (2) an unfamiliar area or situation wherein the injured person has no right to assume that his course is clear, unobstructed or without defect. We mention some af the cases illustrative of the application of this rule.
In Norman v. Shulman, supra, the plaintiff-invitee was injured when she proceeded down a stairway in the dark. There was no defect in the stairway. Because of the darkness, and that alone, plaintiff failed to gage accurately the distance of her final step. She was guilty of contributory negligence.
In Tutwiler v. I. Beverally Nalle, Inc., 1943, 152 Fla. 479, 12 So.2d 163, a prospective tenant of a building, in the dark, opened a door thinking that she was entering a closet whereas the door opened upon a flight of stairs. There was no defect in the stairway. Her injury resulted purely and simply from her failure to exercise reasonable caution dictated by the presence of darkness.
Again in Feigen v. Sokolsky, Fla. 1953, 65 So.2d 769, a hotel guest attempted to descend a stairway in the darkness. There was no defect in the stairway. She merely entered blindly into an unfamiliar situation in the dark. We held that she failed to exercise reasonable care for her own well-being in failing to guard against the hazards of descending a strange stairway in the dark.
In Night Racing Ass'n, Inc. v. Green, Fla. 1954, 71 So.2d 500, the plaintiff was injured when he stepped into a hole in a vacant lot where he had parked his automobile. It was not an established parking lot. The area was entirely unfamiliar to him and he was injured as he walked rapidly across the lot. This case illustrates clearly the distinction which we hereafter make that under the circumstances the injured party had no right to assume or expect the area over which he walked to be safe for his passage.
Proceeding now to the other aspect of the rule, we have held that if the person injured has a right to assume that the area over which he travels is free of defects or obstructions, then the presence of controlling darkness will not convert his action into contributory negligence as a matter of law if he does no more than to rely on the normal and reasonable assumption that there are no dangerous defects or obstructions. Illustrative of this rule is Rubey v. William Morris, Inc., supra. There a hotel guest entered a bathroom connecting her bedroom. She tripped over a bathmat that barred the entrance to the dark bathroom. Actually, it was necessary for her to cross the obstruction in order to switch on the lights. In this case, with a well-reasoned opinion written by Mr. Justice Sebring, we announced the position that where a party can reasonably expect that there will be no dangers or perils such as the one causing his injury, then he is not contributorily negligent merely because of the darkness.
Another case clearly delineating the distinction is City of Palatka v. Woods, Fla. 1955, 78 So.2d 562. There the plaintiff was proceeding in a reasonable manner over a public sidewalk when she fell into a hole in the middle of the sidewalk. This all occurred in the darkness of night. Again we adhered to the rule that she had a right to assume that the sidewalk would be reasonably safe for the purposes for which it was intended, that is, the passage of a pedestrian. She was not barred from recovery merely because there was darkness inasmuch as she was using the walkway in a normal fashion for its intended purpose.
In Goldin v. Lipkind, Fla. 1950, 49 So.2d 539, the plaintiff, a hotel guest, tripped over a mattress lying on the floor of a hallway. True, it was dark, but she had the right to assume that a hotel hallway would not be encumbered by the obstacle which produced her injury.
So it is that we detect the distinction illustrated by the cases summarized *119 above. In sum, the rule is that unless a person has a right to expect or assume that the area over which he is passing is to be free of the defect or obstruction that produces his injury, he proceeds at his peril and as a matter of law is guilty of contributory negligence, if he moves into a strange and unfamiliar area in the darkness of night. It remains for us to apply the proper rule to the case before us.
Bear in mind the matter was disposed of by the able trial judge on appellee's motion for a summary judgment. We have consistently adhered to the rule universally applied that a summary judgment should not be entered if there is a genuine issue on a material fact that should be tried before a jury. This is so for the simple reason that we still recognize the important place which the jury occupies as an arbiter of the facts. Unlike many of the continental countries which have dispensed with the jury system, Florida continues to adhere to the proposition that a trial jury is the most effective procedural method for arriving at the truth when the material facts are in dispute. We fully realize the value of summary judgment procedures in expediting the disposition of cases and in disposing of those matters where the material facts are not in conflict. It appears to us that the factual situation in the case at bar is almost in a "twilight zone" insofar as the proper application of the appropriate rule of law is concerned. The only real issue on the question of negligence or contributory negligence under the rules we have above announced is whether Mrs. Delany had a right to assume that the course which she took in leaving the parking lot would not be encumbered by the defect or obstruction which apparently produced her injury. It appears to us that the situation is such a close one that it should have been presented to a jury to decide.
Unlike the Massachusetts court in Brooks v. Sears, Roebuck & Co., 302 Mass. 184, 19 N.E.2d 39, a case relied upon by the appellee, we do not feel justified in taking judicial cognizance of the fact that all parking lots are equipped with these so-called "bumper logs". Actually, from personal experience, we know that many are so equipped and many are not. Whether Mrs. Delany was failing to exercise due care for her own safety when she proceeded in the dark over the unfamiliar area here involved would seem to us to have been a jury question, at least on the basis of the record here presented. It may be that a jury would conclude that she should have used the driveway area over which she and her husband drove into the lot. It may be that the record would show that many people customarily leave parking lots to enter the abutting sidewalk over the nearest and most direct route from their cars. At any rate, applying the rule that we should indulge all proper inferences in favor of the party against whom a summary judgment is being requested, we think that in this case the summary judgment should have been denied and the question of negligence or contributory negligence should be determined only after a full trial of the cause upon its merits.
The judgment is therefore reversed and the cause is remanded for further proceedings consistent herewith.
Reversed and remanded.
TERRELL, C.J., and HOBSON and ROBERTS, JJ., concur.