ALLEN, Chief Judge.
This is an appeal by the plaintiff from a final judgment entered on a jury verdict in favor of the defendant. .
The plaintiff filed a suit for damages against the appellee-defendant for personal injuries received by plaintiff from a fall on a parking lot maintained for customers of defendant’s supermarket. The plaintiff alleged that the defendant maintained the parking lot in a broken, defective and dangerous manner; that the defendant failed to provide adequate lighting on the parking lot; and that the defendant failed to warn the customers of the dangerous condition of the lot. The plaintiff further alleged that she was caused to trip and fall due to the defective condition and inadequate lighting of the lot. The defendant answered denying negligence and affirmatively alleged the defense of contributory negligence. The plaintiff’s motion for a directed verdict at the close of defendant’s case was denied and the issue of liability was submitted to the jury. The jury found for the defendant and, after plaintiff’s motions for a new trial and j. n. o. v. were denied, final judgment for the defendant was entered.
On February 19, 1957, between 7:30. and 8:00 p. m., the plaintiff, after shopping in defendant’s supermarket, walked outside *302 and proceeded to the parking lot maintained by the defendant for its customers. A limited amount of illumination was cast from a window in a nearby bakery and from a neon-type fixture located on the side of an adjacent building. The plaintiff walked along a “walkway” which had a blacktop surface to the parking lot which was also surfaced with a blacktop coating. While proceeding along this “walkway,” plaintiff caught her foot in a crevice or raised place in the blacktop which caused her to fall.
The plaintiff testified that it was not too dark to see but that it was too dark to detect the rough place in the blacktop which was dark. A Mrs. Seibert testified for the plaintiff that the area was dimly lighted; that she had been shopping at this market for two and one-half years; and that this ragged or raised place in the walkway had been present for that entire period of time.
The defendant testified as an adverse witness that the condition had existed for two years; that “it was not very easy to see”; and that no warning had ever been posted.
Over objection of plaintiff’s counsel, the following instruction was given:
“I further instruct you that a landlord who is liable for the safe condition of approaches and passageways on premises used in common by different tenants, does not have to keep them lighted. Therefore, there was no duty on the part of the Defendant in this case to keep lighted the place where the plaintiff had her accident.”
The defendant cited Norman v. Shulman, 150 Fla. 142, 7 So.2d 98, and Westerbeke v. Reynolds, 155 Fla. 2, 19 So.2d 413, 414, in support of its request for the above instruction.
In Norman v. Shulman, supra, the relationship of the parties was that of landlord and a visitor of a tenant. The Court held that under the common law and the statutory law (sec. 3361, C.G.L.1927) then in force, a landlord is not an insurer and was under no duty to maintain illumination of the exterior of the building at all hours of the night. The Court also based its decision on the fact that plaintiff knew there were lights available but notwithstanding this knowledge, proceeded to leave the building in the darkness.
In Westerbeke v. Reynolds, supra, a guest of defendant’s housekeeper was seeking damages against the landlord for injuries received as a result of falling at the bottom of an unlighted outside stairway. The Court, relying upon the Norman case, stated:
“ ‘A landlord was under no duty to tenant’s visitor to light entrance of building and hence was not liable under the common law for injury received by tenant’s visitor when she fell in leaving unlighted entrance after misjudging width of a step.’
“ ‘The common-law liability of a landlord for safe condition of approaches to, and stairs and hallways in premises used in common by different tenants does not ordinarily require him to keep the ordinary halls and stairways lighted.’ See cases there cited.”
The above case law is clear and is not being questioned by appellant. The appel-lee has devoted the major portion of its brief to discussing the rules applicable to the landlord-tenant-visitor situation. It is the appellant’s contention that the above cases and the authorities in appellee’s brief have no application to the instant suit on the ground that the plaintiff in this case was a business invitee who was injured while walking along an inadequately lighted passageway to defendant’s parking lot. This was plaintiff’s theory of recovery throughout the trial and is plaintiff’s contention in this court.
In its complaint, plaintiff alleged in paragraph 3 that “On or about the 19th day of February, 1957, the plaintiff, while law *303 fully on the premises of the defendant, as a business invitee, was caused to fall because of the negligently maintained premises of the defendant.” In the pretrial order the court stated that the defendant would be permitted to amend its answer to set up the affirmative defense that the accident occurred on leased premises which were under the control of the lessee and not the defendant. Also in the pretrial order the defendant was granted permission to introduce a lease between the defendant and Weiss (operator of the adjoining bakery). The defendant apparently did not so amend its answer or introduce the lease into evidence.
On page 141 of the record the court there stated: “I will rule that the approach to the parking lot (where the plaintiff fell) is a part of the parking lot.” As of this point, it would therefore appear that the original contention that plaintiff was a visitor on leased premises when she was injured was no longer an issue in the case.
This is more clearly illustrated by the statement of the court in its instructions to the jury during which, at page 151, the court stated:
“There was an additional plea by the Defendant in this case stating that part of the premises were leased by the Defendant at the time of this accident to various other tenants and, as a matter of law, I have ruled against that. So, that question is not to he considered by the jury." (Emphasis added.)
Immediately thereafter, on page 153, the court charged:
“Now, I charge you as a matter of law in this case, that Mrs. Reed was lawfully on the premises of Russell’s Market and that she was a hisiness invitee under the law. Therefore, I charge you that where the relationship betzveen the Plaintiff and the Defendant is one of business invitor and business invitee, it is the duty of the business invitor, in this case of Russell’s Market, to keep its premises in a reasonably safe condition for the use of those persons invited either expressly or impliedly to enter upon the premises * * (Emphasis added.)
The court again on page 154 instructed the jury as to the duties owed by a business invitor to a business invitee especially in regard to the condition of the premises.
On page 160 of the record, however, the court gave the objected to instruction which has as its authority two cases, previously discussed herein, that relate to the duty of a landlord to one who is visiting a tenant. In order to ascertain the correctness of this instruction we must compare the two supporting cases cited by defendant with the authorities relating to the business invitee’s duty, if any, to properly light the premises.
The issue of liability of an operator of a parking lot for personal- injuries sustained by an invitee is extensively discussed in an annotation in 14 A.L.R.2d 780. After stating the general principle of the standard of care owed to the invitee, the text states that the courts have drawn little distinction between parking lots that charge for the service, and those which are operated for the convenience of customers of a business such as a market or theatre. The text states in regard to the scope of liability:
“ * * * The liability is limited by the scope of the invitation, but the courts have not interpreted the terms of the usually implied limitation strictly, to confine the invitee in his movement about the parking area. Where the parking lot is operated in connection with another business also operated by the defendant, the• duty extends to the approaches between the two. The invitation extended by the owner or operator of a parking lot may be held to include others than those coming upon the property for parking purposes, extending to persons who, with the owner’s consent and concurrence, *304 use the parking area as an approach to the other facilities operated in conjunction therewith.” (Emphasis added.)
The court, in Shields v. Food Fair Stores of Florida, Fla.App.1958, 106 So.2d 90, 92, certiorari denied Fla., 109 So.2d 168, in stating the standard of care owed to invitees by an occupier of premises, said the following:
“The duty owed to invitees by an occupier of premises to maintain them in a reasonably safe condition includes and extends to approaches to the premises which are open to invitees in connection with their business on the premises, and which approaches are so located and constituted as to represent an invitation to visit the place of business and to use such means of approach. [Citations omitted.]
“While the authorities state the rule in general terms and show its application to approaches in or adjacent to buildings, there is no reason why the rule will not apply with equal force to approaches to a parking area supplied by a store-owner for use of invitees. Moreover, the amended complaint alleged actual maintenance of this entranceway connecting the parking area of the appellee to the street.”
The Court, in Cathcart v. Sears, Roebuck & Co., 1936, 120 Pa.Super. 531, 183 A. 113, held that a store which maintained a free parking lot for the benefit of its customers owed a duty to keep its premises reasonably safe for their use, and that a customer returning from the store to the parking lot over a passageway was entitled to recover for injuries received as a result of the negligent failure to properly light the parking lot. In Moore v. Miles, 1945, 108 Utah 167, 158 P.2d 676, a hotel owner was held liable to a guest who was injured in a dark passageway leading to the hotel parking lot. The court, in Johnston v. De La Guerra Properties, Inc., 28 Cal.2d 394, 170 P.2d 5, held that where the building owner encouraged patrons of tenants to park on adjoining property and approach the building by a private walkway,, liability was established by showing that the owner knew the walkway was unlighted. Likewise the question of negligence in respect to adequate lighting of a parking lot was held to be for the jury in Downing v. Drybrough, Ky. 1952, 249 S.W.2d 711.
The question of adequacy of lighting was also raised in Dean v. Safeway Stores, Inc.,, Mo.1957, 300 S.W.2d 431, 432. A customer, while carrying groceries, at night-time, tripped over a wire hoop that was lying on the parking lot. The customer sought recovery of damages against the store and, after recovering a verdict, the court set it aside and entered judgment for the store. One of the alleged grounds of negligence was that the parking lot “was not sufficiently illuminated.” The Supreme Court of Missouri stated in reversing the cause:
“As the respondents urge, in most, if not in all, of the cases some other condition or object combined with the lack or insufficiency of light to create the hazard; there was an open pit in a dark basement, a sudden right angle turn in a stairway, an unsafe entrance, a wooden curbing, or an unseen step-off. [Cases omitted] On the other hand, it is seldom that the object or condition alone creates the hazard; ‘It is not contended the presence of the step-off, alone, was negligence. It was the absence of light sufficient to enable respondent to see the depression which brought about her fall. * * *' ” (Emphasis added.)
After a careful consideration of the cases discussed herein and other authorities, we must conclude that it was error for the trial judge to instruct as a matter of law that a business invitor is under no duty to light a parking lot which is open to use by his invitees and which has certain dangers known to him that could reasonably cause injuries to his customers. Since this cause *305 must be reversed and remanded for a new trial, we are not concerned at this stage with the sufficiency of plaintiff’s case in any respect. The only matter with which we have here dealt is the correctness of the court’s instruction. And it is our view, as indicated, that reasonable minds could differ on whether adequate lighting under these circumstances had been furnished by defendant. This issue, along with the other aspects of plaintiff’s case should properly be submitted to the jury under appropriate instructions.
Accordingly, the judgment is reversed for a new trial.
SHANNON, J., and PATTEN, GEO. L., Associate Judge, concur.