522 So.2d 500 (1988)
Terence M. BROWN, Appellant,
v.
LARKIN & SHEA, P.A., Appellee.
No. 87-1113.
District Court of Appeal of Florida, First District.
March 17, 1988.
Herbert R. Kanning, Jacksonville, for appellant.
R. Reid Sanderson, Jacksonville, for appellee.
WENTWORTH, Judge.
Appellant seeks review of an order granting summary judgment on the issue *501 of liability in an action for wrongful interference with contractual relationships. The parties are law firms which had contracted for the legal representation of the same clients. We find that the undisputed material facts do not permit a conclusion as a matter of law that actionable interference was established. We therefore reverse the order appealed.
Appellee is a law firm which filed a complaint asserting that appellant did "intentionally and improperly interfere" with existing attorney-client relationships, causing the termination of contracts for legal representation. Appellee alleged that shortly after it entered into contracts with three clients appellant met with these individuals and by offering lower fees secured agreements for representation as to the same matter despite being aware that the contracts with appellee had not been terminated.
Appellant responded by asserting that no "unlawful or unfair means" were used and that the clients had informed him that they would terminate their contracts with appellee. Claiming that his actions were motivated by a concern for the welfare of the clients and noting that their contracts with appellee were terminable at will, appellant argued that his conduct was a legitimate and permissible instance of professional competition.
The depositions of the three clients contain certain inconsistencies, but suggest that the clients were advised by appellant that they must terminate their contracts with appellee. Indicating that they promised to do so at the initial meeting, the clients later requested that appellant contact appellee in this regard. Appellant confirmed that he did so, noting that he offered appellee compensation for any services which had been rendered and further stating that he had declined to discuss the merits of the clients' cases at their initial meeting. One of the clients testified that appellant had agreed to charge a lesser fee at the client's suggestion, and further explained that the meeting with appellant had been arranged because of the client's dissatisfaction due to his inability to maintain contact with appellee.
Since the clients' contracts with appellee were terminable at will there was only a bare expectancy, rather than a legal right, that the relationship would continue. See Wackenhut Corp. v. Maimone, 389 So.2d 656 (Fla. 4th DCA 1980), pet. for review denied 411 So.2d 383 (Fla. 1981). As the court below recognized, Wackenhut establishes that in such circumstances a competitive interference which is not otherwise unjustified ordinarily will not give rise to liability. In entering summary judgment the court measured appellant's conduct against certain standards established by the Code of Professional Responsibility. To the extent that appellant may be subject to professional discipline, this is a matter for the consideration of The Florida Bar. However, a violation of professional standards does not necessarily create any liability between these parties. Cf., Spencer v. Burglass, 337 So.2d 596 (La. 4th Cir.1976).
The events surrounding appellant's initial meeting with the clients are somewhat in dispute, and in reviewing this summary judgment we must resolve all doubts and inferences in favor of appellant. See Delany v. Breeding's Homestead Drug Co., 93 So.2d 116 (Fla. 1957). Those facts which are undisputed merely establish that appellant entered into a contractual agreement with appellee's clients before they formally terminated their relationship with appellee. In the context presented, on motion for summary judgment, this circumstance alone does not produce liability as a matter of law, and the court therefore should not have entered a summary judgment.
The order appealed is reversed and the cause remanded for further proceedings on the complaint.
MILLS and BARFIELD, JJ., concur.