Sinn *v.* Farmers Deposit Savings Bank, Appellant.

Argued March 21, 1930.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*John J. Heard,* with him *Thomas E. Shaw* and *Samuel McClay,* of *Reed, Smith, Shaw & McClay,* for appellant.—Even though the employees of the bank thought this was an attempted robbery and did not believe that the threat to bomb the bank would be carried out, a situation was created with respect to which they could hardly be expected to exercise calm judgment. If, therefore, they did not act in the wisest possible manner or follow the best course, either with respect to handling the bomber or warning appellee, they should not be held too strictly accountable therefor.   The law recognizes that even though a man may not be in actual fear of impending death or serious bodily injury, he may be faced by such a sudden and desperate emergency that he should be excused if he fails to act with coolness and rare judgment: Brown v. French, 104 Pa. 604;  Malone v. R. R., 152 Pa. 390;  P. R. R. v. Werner, 89 Pa. 59; Wagner v. Ry., 232 Pa. N. Y. 176.

The proximate cause of appellee's injury was not the negligence of the bank, but the act of an irresponsible trespasser over whom appellant had no control: Rhad v. Light Co., 255 Pa. 409; Nirdlinger v. Tel. Co., 245 Pa. 453.

Appellant's acts are to be judged in the light of the situation as it then appeared to appellant. If, at the time, there was a reasonable doubt as to which of two courses of conduct was the safer, there can be no legal liability for adopting either one: Oceanic S. Navigation Co. v. Aitken, 196 U. S. 589; Boston C. C. & N. Y. Canal Co. v. Transportation Co., 256 U. S. 692; Wood v. Transit Co., 260 Pa. 481.

*Roy Rose,* with him *H. Stewart Dunn,* of *Thompson, Rose, Bechman & Dunn,* for appellee.—The bank owed appellee a duty: Woodruff v. Painter & Eldridge, 150 Pa. 91; Fredericks v. Refining Co., 282 Pa. 8.

Danger is always present and is to be anticipated in carrying on a banking business.

The bank had opportunity to warn depositor of the dangerous situation during the whole time depositor was in the bank prior to the explosion.

Appellant was negligent under all the circumstances by attempting to seize the bomber without first placing appellee in safety: Fredericks v. Refining Co., 282 Pa. 8; Kapuscianski v. Coal & Iron Co., 289 Pa. 388; Kramer v. Steel Car Co., 281 Pa. 348.

OPINION BY MR. JUSTICE WALLING, April 14, 1930:

The Farmers Bank Building is located on the northeast corner of Fifth Avenue and Wood Street, Pittsburgh, within which and facing on Fifth Avenue is the defendant, Farmers Deposit Savings Bank and to the west thereof, facing Fifth Avenue and Wood Street, is the affiliated Farmers Deposit National Bank. Access between the banks is gained by passing through the corridor of the building. At approximately three o'clock

on the afternoon of August 24, 1926, a stranger, later identified as William Chowick, herein called "the bomber," entered the defendant bank, walked up to paying teller window No. 13 and handed the teller stationed there a typewritten note as follows: "Sir you ear held up for two thousand Dollar, with 50 stick of Dynamite, the Dynamite is in the grip the one I hold in my hand, it will discharge when the homdle is out of my hand, if you or any one else fires the gun at me, there will be no cage left we all be blowing up to pieces, if you willing to come with two thousand be quit and keep off from the alarms, the help won't do you no good, if they come they come for their death, if not make all the noise you like I help you with the noise that whole Pittsburgh will hear, if you wish to see the death machine ask for otherwise absolute silance death or two thousand and either you like." After the teller read this he handed it to Mr. Coar, the assistant cashier and ranking officer present, who, after reading it, walked across the corridor into the Farmers Deposit National Bank and handed the note to its officers. He then returned with two of the latter bank's police officers, and certain of that bank's officials followed. After waiting some minutes the bomber asked the teller, in effect, if his request would be complied with and the latter said it would be attended to. Meantime, the plaintiff, Carl F. Sinn, a musician and customer of the defendant, entered with a check he desired cashed and stood near the bomber. Soon a floorwalker, who had been informed of the holdup, asked plaintiff to step to a near-by window, which he did, but was not waited upon. In fact, the presence of the bomber, a knowledge of which spread among the employees, caused a temporary suspension of business. No warning, however, was given plaintiff. The evidence was conflicting as to how long the bomber remained in the bank, that for plaintiff stated about twenty minutes, while that for the defendant indicated a much shorter period. In any event, as the two police officers cau-

tiously approached the bomber and one was about to lay hands upon him, he raised his arm from the hand bag, causing a terrific explosion, which wrecked the bank, killed him and the nearest officer and injured others, including the plaintiff, who stood within about three feet. This suit brought for the injuries thus sustained on the allegation of negligence, in failing to warn plaintiff of the threatened danger, resulted in a verdict and judgment in his favor and the defendant has appealed.

The error assigned is the trial court's refusal to decide the case in defendant's favor as a matter of law; but, in view of the testimony for plaintiff, the truth of which we must accept in support of the verdict, this could not have been done. Defendant was in no manner responsible for the presence or criminal act of the bomber, or for failing to accede to his unlawful demand, neither does negligence appear from the way in which those in charge of the bank attempted to avert the threatened danger. The controlling question is, Should they have warned plaintiff thereof? This in our opinion was for the jury. Plaintiff as a customer of the bank was present by its implied invitation. In other words, he was an invitee, to whom the bank owed the same duty as a shopkeeper owes to his customer, which is to use reasonable care for his protection. "The owner or occupant of premises who induces others to come upon it by invitation express or implied owes to them the duty of using reasonable or ordinary care to keep the premises in a safe and suitable condition, so that they will not be unnecessarily or unreasonably exposed to danger": Robb v. Niles-Bement-Pond Co., 269 Pa. 298, 300. "When a person invites another to his place of business, he assumes toward the invitee certain duties, and if he negligently permits a danger of any kind to exist, which results in injury to the person invited, without negligence on the latter's part, the inviter is answerable for the consequence of such injury": Woodruff v. Painter & Eldridge, 150 Pa. 91, 95; reaffirmed in Fredericks v.

Atlantic Ref. Co., 282 Pa. 8, 14. See also Kapuscianski et al. v. P. & R. C. & I. Co., 289 Pa. 388; Bloomer v. Snellenburg, 221 Pa. 25; Truby & Truby v. Nolan, 86 Pa. Superior Ct. 270; McKnight v. Snellenburg & Co., 80 Pa. Superior Ct. 147.

The opportunity to warn plaintiff was present for they did tell him to step to the other window and could as easily have suggested his withdrawal because of the threatened danger. Then, had he failed to heed the warning, it would have been his own fault. Of course, the bank's officers and employees did not know that the bomber would carry out his terrible threat, but on the contrary they could not assume that he would not. His presence there created a tense situation which made it difficult for those in charge to act with calm judgment, yet whether they should have warned plaintiff was, under the circumstances, for the jury. Where there is no fixed standard of care and its measure shifts according to circumstances, the question of defendant's negligence is usually for the jury: Kramer v. Standard Steel Car Co., 281 Pa. 348, 351, and cases there cited. For example, where a storekeeper knows that an adjoining building is being torn down so negligently as to probably cause the collapse of his own, could it be held that he had no duty to warn a customer of the impending danger? It cannot be declared as matter of law that a stranger who enters a bank carrying a hand bag that he declares contains fifty sticks of dynamite, which he threatens to explode by means of a strap extending from his hand into the bag does not create a dangerous condition of which a customer should be warned.

The explosion was undoubtedly a proximate cause of plaintiff's injuries; but we are not prepared to hold, as matter of law, that to suffer him to remain unwarned in the presence of the bomber was not also a proximate cause. There may be concurrent causes of an injury and a proximate cause need not be the sole cause. If plain-

tiff's injuries resulted from the failure to receive warning, it cannot be said that such failure was its remote cause. While plaintiff's presence was not the cause of the explosion, it was the cause of his injuries and if it resulted from failure of warning such failure may properly be held a concurrent rather than a remote cause of such injuries. Had he walked out of the bank he would have escaped injury.

The authorities seem to contain but one case at all similar, viz., Laidlaw v. Sage, 158 N. Y. 73, 52 N. E. 679. There, a stranger, named Norcross, entered the private office of Russel Sage in New York City, carrying a hand bag and gave Sage a typewritten statement declaring, in substance, that the bag contained ten pounds of dynamite which he would explode and destroy the building and every one therein unless given $1,200,000. At that moment Laidlaw entered and thereafter claimed that Sage used him as a shield from the explosion which followed when Norcross failed to receive the $1,200,000. Norcross, of course, was killed; Sage, Laidlaw and others were injured. This formed the basis of the case above cited, which was tried four times and finally decided in favor of Sage by the court of appeals. The question of Sage's duty to warn Laidlaw of the peril was not involved. The decision rested on several grounds, one was that the physical facts sustained Sage's contention that he did not hold Laidlaw in front of him. Another was that it did not appear that Laidlaw's injuries were augmented by any act of Sage. As to the latter, the court says (52 N. E. 688) : "We think the court erred in not directing a verdict for the defendant, at least so far as substantial damages were concerned, upon the ground that there was no sufficient proof that the plaintiff sustained any injury in consequence of the alleged conduct of the defendant." In view of such conclusion, it might well be held, as there it is, that the explosion and not the act of Sage was the proximate cause of the injuries

complained of. Of course, on the facts, that case is not parallel to the one at bar.

The judgment is affirmed.

Mr. Justice FRAZER and Mr. Justice SCHAFFER dissented.