Horner *v.* Penn Fruit Company, Appellant.

Argued March 30, 1951. Before RHODES, P. J., HIRT, RENO, ROSS, ARNOLD and GUNTHER, JJ. (DITHRICH, J., absent).

*John B. Martin,* with him *Henry T. Reath* and *Duane, Morris & Heckscher,* for appellant.

*Joseph G. Feldman,* with him *Edward M. Goldsborough,* for appellee.

OPINION BY GUNTHER, J., July 19, 1951:

Richard Horner, appellee, instituted this action in trespass against the Penn Fruit Co., appellant, to recover damages for personal injuries sustained by appellee when he fell over a small express wagon on appellant's sidewalk. A verdict was rendered in favor of the appellee in the amount of $1,200. Motions for judgment n.o.v., and for a new trial, were filed, and this

appeal is from the refusal of the court below to grant these motions, and the entry of the judgment on the verdict.

Appellant operates a food market at 5218 Market Street, Philadelphia. A number of youths with small express wagons usually congregate on appellant's sidewalk and solicit its customers to hire them to carry their packages in these wagons. Appellee was well aware of the presence of these boys on appellant's sidewalk, having made purchases at appellant's market on prior occasions. On June 19, 1948, as the appellee emerged from the appellant's market on to the sidewalk, one of these youths, endeavoring to solicit the appellee, caused his wagon to collide into the appellee who fell over it head-first and landed on his left elbow, thereby fracturing it.

In arguing the motion for judgment n.o.v., the appellant contends that the boys on the sidewalk were neither servants, agents, nor employees of the appellant, that appellant had no control over the actions of the boys at any time, nor could it refuse them permission to use the public sidewalk in front of its store, that being the function of the municipal authorities. The boys who were from eight to fourteen years of age solicited persons coming from the store, offering to carry their packages. Appellant admitted that the boys' action around the store made it difficult for customers to get in and out of the store, and on one occasion the police were called and the boys were limited in their area of solicitation to the curbstone. Appellant made some effort to control the actions of the boys but failed. Although the store authorities knew that the boys were continually going beyond the curbstone with their wagons to solicit their customers, there was no persistent effort to control the activities of the boys within limits and orderly fashion. Appellee's case comes within the rule of law in Section 318 of the Restate-

ment of Torts in that appellant permitted this condition to continue, a condition which involved a reasonable probability that an accident was likely to occur and did occur.

Appellant contends that even if it were negligent, the appellee was guilty of contributory negligence as a matter of law in that he failed to see the wagon which knocked him down, and therefore, the jury's verdict should be set aside. Under the facts and circumstances as disclosed by the record, the question of appellee's contributory negligence was clearly for the jury. It is true that the appellee testified that he had been to the appellant's market on many occasions and shopped there for over five years. However, the fact that he knew of the boys being present on the sidewalk would not of itself convict him of contributory negligence as a matter of law. The appellant obviously would not want appellee and others to remain away from their market because children congregated on its sidewalk. Appellee, as a business visitor, had a right to expect that appellant would use reasonable care in protecting him from injury. It is true that "one who fails to notice an obviously dangerous condition on a sidewalk and is injured thereby is contributorily negligent as a matter of law": *Bilger v. Great Atlantic & Pacific Tea Co.*, 316 Pa. 540, 543, 175 A. 496. But it is equally well established that this principle of law applies to obstructions that are stationary and fixed, and not to those in motion from place to place. Appellee testified that he did not see the boy and the wagon which knocked him down; that appellee had emerged from the food market "just a couple of feet" when all of a sudden he was knocked down by a small delivery wagon pulled by a boy who was crying "Take your order mister; take your order mister". The question is, therefore, whether appellee did anything to help to bring about his injury. We are in accord with the

court below that this question of contributory negligence was one for the jury and not one of law. This Court has often stated that a jury's verdict will be set aside only "When it is inconceivable, on any reasonable hypothesis, that a mind desiring solely to reach a just and proper conclusion in accordance with the relevant governing principles of law . . . . . . could determine in plaintiff's favor the controlling issues involved": *Foster v. Sol Greisler & Sons, Inc.*, 150 Pa. Superior Ct. 509, 511, 29 A. 2d 103; *Keiser v. Philadelphia Transportation Company*, 356 Pa. 366, 51 A. 2d 715; *Mazi v. McAnlis*, 365 Pa. 114, 119, 74 A. 2d 108.

We are of the opinion that the negligence of appellant and the contributory negligence of appellee were matters properly to be submitted to the jury and that the record discloses sufficient evidence to warrant the jury in finding as it did on both issues of fact.

Judgment affirmed.