GARTNER v. LOMBARD BROS., Inc. (E. I. DUPONT DE NEMOURS CO., third party defendant).

No. 10663.

United States Court of Appeals Third Circuit.

Argued April 9, 1952.

Decided May 29, 1952.

John J. McDevitt, 3d, Philadelphia, Pa. (Albert C. Gekoski, Peter P. Liebert, 3rd., Philadelphia, Pa., on the brief), for appellant.

Sydney L. Wickenhaver, Philadelphia, Pa. (Charles A. Wolfe, Montgomery, McCracken, ·Walker & Rhoads, Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

GOODRICH, Circuit Judge.

This case involves the correctness of the dismissal of a third-party defendant.

The plaintiff sued defendant Lombard Brothers for damages occasioned by the death of her husband. She alleged that the defendant struck and killed the decedent while the latter was unloading a truck on the premises of the E. I. DuPont deNemours Company in Philadelphia. The defendant brought in E. I. DuPont deNemours. and Company as a third-party defendant under Rule 14, Fed.R.Civ.P., 28 U.S.C.[1] DuPont objected that the third-party complaint did not state a claim for which relief could be granted against it. The trial judge agreed. The correctness of his dismissal is now before·us.

At the start it should be said that the defendant cannot change the action of the plaintiff from one against it to one against somebody else. If the plaintiff makes out a case for recovery for negligence against the defendant, the fact that others might also be liable if the plaintiff had sued them does not defeat the plaintiff's. action. It is no defense for one tort-feasor·

---

1. Plaintiff did not amend her complaint to seek redress against DuPont. Cf. Shep- pard v. Atlantic States Gas Co., 3 Cir., 1948, 167 F.2d 841.

to say that someone else was a wrongdoer too.[2]

The question is, however, whether Lombard has made out, in its pleadings, a case on which, if the facts are developed, it could recover all or part from DuPont of what it may be called upon to pay Gartner. The Pennsylvania statute provides:

"Contribution shall be enforcible among those who are jointly or severally liable for a tort where, as between them, such liabilities are either all primary or all secondary." 1939, June 24, P.L. 1075, § 1, 12 Purdon's Pa. Stat.Ann. § 2081.

If the facts, as developed, could show both Lombard and DuPont to be tort-feasors and both "primarily" liable, it could well be that the case would be one for contribution under the Pennsylvania statute. It is Pennsylvania law which governs here.

Here is what the defendant's amended third-party complaint stated:

"Defendant alleges that the accident was caused at least in part by the negligence of the third party defendant, through their failure to take proper precaution for the safety and movement of individuals and trucks using their premises, despite the knowledge of the third party defendant, that there is always an extremely heavy flow of traffic of vehicles loading and unloading at their platform on the premises. Third party defendant failed to provide some person to direct the flow of traffic so as to prevent confusion and snarling of traffic of the truck drivers going in and out of the platform loading premises."

■ This statement, for the purpose of considering the problem at this stage of the litigation, must be taken as true. The theory is that DuPont, a possessor of land, has been guilty of negligence in failing to provide traffic direction at a place where there are a large number of vehicles and where difficulty is to be expected unless such direction is provided. DuPont says that even if a traffic officer had been assigned to the job he might have been somewhere else when this particular accident occurred. Of course he might have been. He also might have been on the job directing Lombard's truck so that it would not crash into the driver of another vehicle rightfully on the premises. That is something that cannot possibly be known until the facts are developed on a trial.

■ The duty of the proprietor of business premises to use reasonable care to protect business visitors from injury by other persons is stated in Section 318 of the Restatement of Torts and that section has been relied upon in the latest Pennsylvania case. Horner v. Penn Fruit Company, 1951, 169 Pa.Super. 473, 82 A.2d 313.[3] This duty was also recognized in Pennsylvania decisions prior to the Restatement and since. Lineaweaver v. John Wanamaker Philadelphia, 1930, 299 Pa. 45, 149 A. 91; Sinn v. Farmers Deposit Sav. Bank, 1930, 300 Pa. 85, 150 A. 163; Martin v. Philadelphia Gardens, Inc., 1944, 348 Pa. 232, 35 A.2d 317.

■ DuPont argues that the danger, if any, was open and that the landowner's responsibility is only to give warning if the danger is hidden. This general proposition is on the whole correct. Restatement § 340 was cited to this effect by the District Court. It is correct also to point out that § 348 of the Restatement which deals with special situations where the duty goes further was not, perhaps, applicable here.

But until we know what the facts are, we cannot possibly know whether the danger of collision in nondirected traffic on these premises was an open danger or not. We do not know whether the unfortunate victim of the accident had ever been on the premises before. We do not know how great was the congestion at the time of the accident. All we know is what we are told in the above paragraph of the third-party complaint. Upon a trial of the facts there may or may not be made out a case whereby

2. Restatement of Torts, §§ 875, 882. Prosser on Torts, p. 1101.

3. Also cited with approval in Honaman v. City of Philadelphia, 1936, 322 Pa. 535, 185 A. 750 and Styer v. City of Reading, 1948, 360 Pa. 212, 61 A.2d 382.

DuPont can be compelled to contribute to Lombard.

We think it was premature, therefore, to dismiss the third-party complaint at this stage. The judgment of the district court will be reversed.