## Farley v. Sley System Garages, Inc.

*Irwin N. Rosenzweig*, for plaintiffs.

*Norman R. Bradley* and *Ralph S. Croskey*, for defendant.

ALESSANDRONI, P. J., March 24, 1958.—This is an action to recover damages for injuries sustained by plaintiffs when the automobile in which they were riding was struck by a motor vehicle which had been stolen from the parking lot of Sley System Garages, Inc. (Sley hereinafter) ; the individual defendant was the owner of the stolen vehicle. Plaintiffs suffered a compulsory nonsuit as to the owner; at the conclusion of plaintiffs' case Sley moved for binding instructions in its favor; the motion was overruled; Sley offered no evidence. The case having been submitted to the jury, it returned verdicts in favor of plaintiffs against Sley; this motion for judgment n. o. v. followed.

Required as we are, on such a motion, to review the evidence in the light most favorable to plaintiff, the jury's verdict established the following facts: On February 20, 1954, defendant Steinhaus attended a performance at the Shubert Theatre in Philadelphia; he parked his automobile at the parking lot operated by Sley System Garages, Inc., at 261 South Broad Street,

Philadelphia. The operation of this lot required that the ignition keys be left in the vehicles so that the attendants could move them as required. Steinhaus' automobile was one that could be operated without an ignition key if the ignition was set for that purpose; upon leaving the auto for parking, Steinhaus placed the ignition so that it could be operated without the key.

The vehicle had been parked in Sley's lot at about noon; when Steinhaus returned about 5:30 p.m., it was discovered that his car was gone; Sley's manager reported the matter to the police. Subsequently, at about 11:50 p.m., the same day, the stolen automobile was located and pursued by police officers; the stolen auto with the police in hot pursuit was traveling at high speed north on Ninth Street in Philadelphia; in their effort to capture the thief, the officers resorted to the use of their revolvers. At the intersection of Dauphin Street and Ninth Street, the thief recklessly collided with the automobile driven by plaintiff Farley; plaintiff Thompson was a passenger in Farley's vehicle.

Both plaintiffs sustained serious injuries while plaintiff Farley's automobile was totally wrecked. The thief escaped and is still at large.

We must assume arguendo that defendant Sley negligently allowed the vehicle to be stolen; we further assume that the collision was the result of the thief's negligence and that both plaintiffs were free of contributory negligence.

Defendant's motion for judgment n. o. v. raises the issue of proximate cause; it urges that as a matter of law Sley cannot be made to respond in damages for the injuries sustained by plaintiffs. Defendant relies on the theory that an intentional tort or criminal act is a superseding cause; a superseding cause relieves one who is negligent of liability for injury suffered by a third party. This has been held even though the party

so relieved created the situation or afforded the opportunity for another to commit the tort or crime.

The issue of proximate cause is almost always one of fact for the jury (Stark v. Lehigh Foundries, Inc., 388 Pa. 1); where there is no dispute as to the facts, the issue is then one of law for the court: De Luca v. Manchester Laundry and Dry Cleaning Company, Inc., 380 Pa. 484. In this case the facts are undisputed.

Plaintiffs inferentially concede that ordinarily defendant's position is well taken, but urge that the provisos in the language of sections 448, 449 of the A. L. I. Restatement of the Law of Torts, provide ample justification for the verdicts.

These sections of the A. L. I. Restatement of the Law of Torts are:

"SECTION 448. INTENTIONALLY TORTIOUS OR CRIMINAL ACTS DONE UNDER OPPORTUNITY AFFORDED BY ACTOR'S NEGLIGENCE.

"The act of a third person in committing an intentional tort or crime is a superseding cause of harm to another resulting therefrom, although the actor's negligent conduct created a situation which afforded an opportunity to the third person to commit such a tort or crime, unless the actor at the time of his negligent conduct should have realized the likelihood that such a situation might be created thereby and that a third person might avail himself of the opportunity to commit such a tort or crime."

"SECTION 449. TORTIOUS OR CRIMINAL ACTS THE PROBABILITY OF WHICH MAKES THE ACTOR'S CONDUCT NEGLIGENT.

"If the realizable likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious or criminal does not prevent the actor from being liable for harm caused thereby."

Recovery for injury under the provisions of the foregoing sections depends on the knowledge of the actor, i.e., the negligent person, or if the actor disclaims knowledge, he should likewise be charged as though he had knowledge of the creation of the hazard.

This foregoing rule applied to this case presents this question: Did Sley have a duty in the exercise of ordinary care to reasonably have foreseen that if it negligently allowed a vehicle to be stolen that the thief would negligently injure someone; if Sley did not foresee this consequence, should it have foreseen it?

Fundamentally tort law imposes responsibility only for the foreseeable consequences of a negligent act, i.e., a breach of duty owed; responsibility is limited to those consequences which are reasonably foreseeable from the nature of the negligent act. While the statement of the principle can be made with great facility, serious questions arise from application of the language "might" or "ought to have been" foreseen. Manifestly, the issue raised is not an easy one. The key issue is that of duty, because no matter how negligent an act, without duty there can be no recovery.

Liability has been imposed in numerous cases under the above sections where an inherently dangerous instrumentality has been involved. A storekeeper who sells a firearm to a minor presents an almost classical illustration of sections 448-449; the minor either carelessly or intentionally discharges the weapon and injures a third party. It is not unreasonable to hold a storekeeper liable for an injury resulting therefrom because he knew or ought to have known that minors are incapable of completely comprehending the possible and probable dangers inherent in a firearm: Wassell v. Ludwig, 92 Pa. Superior Ct. 341. See Kuhns v. Brugger, 390 Pa. 331, which granted recovery where minors obtained a gun and ammunition from their grandfather's bedroom. Public policy has decreed that

minors are incapable of proper handling of firearms; case law has been codified in many instances by statutes proscribing sales of guns to minors.

The foregoing illustration is an instance of the application of the "might" or "ought to have foreseen" rule when an inherently dangerous instrumentality is involved. No reasonable man would contend that an automobile is a dangerous instrumentality per se. Therefore, the rule applicable to firearms is not necessarily applicable to motor vehicles.

Plaintiffs cannot prevail if they are unable to prove that Sley owed them a duty and that Sley's negligent act constituted a breach of that duty: Dorn v. Leibowitz, 387 Pa. 335. Both elements must be present to support recovery, duty and breach: Stevens v. Reading Street Railway Co., 384 Pa. 390.

Sley's status when the vehicle was parked was that of a bailee: Baione v. Heavey, 103 Pa. Superior Ct. 529. Sley owed a duty of care to Steinhaus to return the automobile upon demand. If Sley was negligent, it could not defend an action for damages to the automobile on the ground of superseding cause: Smith v. Cohen, 116 Pa. Superior Ct. 395. The reason for the rule is that Sley's negligence permitted damage to be suffered by the bailed property; Sley therefore violated its duty of ordinary care to protect the bailed property.

Although it is conceded that Sley owed a duty to Steinhaus to return the motor vehicle, did it also owe a duty to the entire world once it came into the possession of a thief? The duty Sley owed arose out of the bailment; can that duty to the owner be extended to include plaintiffs and thereby charge Sley with responsibility for the injuries sustained?

There is no nexus in either time or space, which could support a finding that Sley owed a duty to plaintiffs. It cannot be argued that Sley ordinarily owed a duty

to anyone other than his bailor. Can the fact that a thief steals the car, even assuming Sley's negligence, create a duty where none existed heretofore?

We can test the proposition: If an employe of Sley takes an auto and uses it for Sley's business and negligently injures someone, Sley is liable for the injury under the doctrine of respondeat superior. If an employe violates instructions and makes off with a bailed automobile, Sley might be held to be liable; this liability would depend on other factors which would determine whether or not the doctrine of respondeat superior applied. But in the latter case it is not conclusive that Sley would be held responsible. The liability when imposed in either of the above hypotheses is vicarious. The factor of control is the determinant; yet as a practical matter in neither case does an employer actually exercise physical control over his drivers.

Sley's duty arose when the vehicle was placed in its care. The duty at that instant was to use reasonable care to return the vehicle; Sley did not owe a duty to the entire world to keep the vehicle safe, but only to its owner.

Turning from Sley momentarily, let us examine the duty of the owner of a motor vehicle. We find cases against owners of a motor vehicle who parked their vehicles on the street, unlocked and unattended; in some cases with the keys in the ignition. In the absence of a statute requiring motor vehicles to be locked when parked unattended, recovery for injuries sustained after the vehicle is stolen has been denied: Slater v. T. C. Baker Co., 261 Mass. 424, 158 N. E. 778. The owner owed no duty to the general public to make his motor vehicle theft-proof; the act of a thief was a superseding cause.

An opposite result was reached in the case of Ney v. Yellow Cab Co., 348 Ill. App. 161, 108 N. E. 2d 508,

affirmed 2 Ill. 2d 74. In that case a cab was left unattended on the street with its motor running. An Illinois statute required that motor vehicles be locked when parked unattended. The court held that the purpose of the statute was to protect the public against injury by thieves. The court was forced to expand the doctrine of violation of a statute as constituting negligence per se when the statute was designed to protect against the evil which has occurred. In Rhad v. Duquesne Light Co., 255 Pa. 409, children tampered with the brakes of an auto which was parked unlocked. The tampering was held to be a superseding cause.

The decision in Slater v. T. C. Baker Co., supra, was reaffirmed in Galbraith v. Levin, 323 Mass. 255, 81 N. E. 2d 560, a case analogous to the instant case. In that case plaintiff's employe had parked the vehicle on a parking lot; the lot was unattended; subsequently, it was stolen. In a suit against the owner and employe recovery was denied.

In Anderson v. Theisen, 231 Minn. 369, 43 N. W. 2d 272, the court held that the statute requiring locking of automobiles was for the purpose of protecting property and was not enacted to protect the public from negligent driving by thieves or others.

Schaff v. R. W. Claxton, Inc., 144 F. 2d 532, the Court of Appeals of the District of Columbia reversed a decision of the district court and allowed a suit against the owner of an auto stolen from a restaurant parking lot to go to the jury on the issue of foreseeability. A verdict for plaintiff was affirmed in R. W. Claxton, Inc., v. Schaff, 169 F. 2d 303, cert. denied 335 U. S. 871.

If the owner of a motor vehicle is not liable for the injury sustained from negligent operation of his motor vehicle by a thief, where the owner's action created a condition of the occurrence, can a greater duty be imposed upon the owner's bailee? If the owner cannot

be charged with responsibility, how can his bailee, unless the bailee has control of the operation of the vehicle? After a thief has taken the vehicle the bailee has no more control than does the owner.

A. L. I. Restatement of the Law of Torts, §§448, 449, do not apply to the facts of the instant case. Sley is the actor whose negligence created a foreseeable risk of injury to his bailor, but not to the entire world. The sections of the Restatement do not impose a duty as to the entire world. The duty must attach before the sections can be deemed applicable.

Plaintiff has cited some interesting cases, but they are readily explainable on sound principles and are clearly distinguishable.

In Sinn v. Farmers Deposit Savings Bank, 300 Pa. 85, plaintiff was injured by an explosion in defendant bank. In that case a thief was in the midst of an attempt to rob the bank; he had warned that he had a bag full of explosives which would be discharged if he did not receive money. Some time elapsed between the giving of the threat and the actual explosion. It was held that since the bank had, but did not avail itself of an opportunity, to warn plaintiff and get him to a place of safety, it had breached a duty to its invitee, and was therefore liable for the injuries sustained.

In Neering v. Ill. Central Railroad Co., 383 Ill. 366, 50 N. E. 2d 497, plaintiff was assaulted and ravished by a vagrant on defendant's property. Prior thereto plaintiff had warned the railroad of the presence of many hoboes and vagrants at this station; particularly in the early hours of the morning, the time she used the station; plaintiff was generally alone and unprotected. The railroad ignored her warnings and complaints. It was held that the railroad breached a duty owed to her and had had an opportunity to avoid the harm.

Both cases illustrate sections 448 and 449 of the Restatement; essentially, the acts complained of under ordinary circumstances would not be negligent at all. Stated differently, a bank ordinarily would not be liable to its depositors who were injured during a robbery; a railroad would not be held responsible because a woman was ravished on or about railroad property. It was the special circumstances which created a duty; under the peculiar facts of the cases liability was imposed. No special circumstances are present in this case to warrant imposition of a duty where none existed theretofore.

Our consideration of the issue of proximate cause does not depend on the hours elapsed or the distance the vehicle has traveled. If defendant Sley is liable, then the hours elapsed or the distance traveled between the lot and the place of injury would not alter the result. Proximate cause is not a factor simply because plaintiff has not established that Sley owed him a duty.

Defendant Sley's negligence as to the owner of the motor vehicle is only a passive circumstance of this unhappy occurrence. Compare Irwin Savings and Trust Co. v. Penna. R. R. Co., 349 Pa. 278. In that case the railroad permitted a culvert to become and remain blocked. Surface water which theretofore ran off through the culvert backed up and created a pond on private property; the railroad was in effect trespassing. In winter the pond froze over; some children rightfully on the land were playing on the ice; the ice being of insufficient thickness broke and the children were drowned. The blocking of the culvert was held to be a passive condition and not the proximate cause of the harm; i.e., the railroad owed no duty to the children.

It is fundamental that one is not to be held liable for all possible consequences, but only for the probable

consequences: Fairbanks v. Kerr & Smith, 70 Pa. 86. It is conceded as indeed it must be that the injury herein complained of was a possible consequence of the theft. But, it is no more probable than the consequence that the thief would drive carefully so as not to attract attention.

Plaintiffs have failed to prove the existence of a duty owed to them; in the absence of a duty, whether or not Sley was in fact and law negligent is irrelevant and immaterial. The verdict should be set aside and the motion granted.

### Order

And now, to wit, March 24, 1958, defendant's motion for judgment n. o. v. is granted.

Judgment is entered for defendant.