106 So.2d 90 (1958)
James SHIELDS, Jr., a minor, by his father and next friend, James Shields, Sr., and James Shields, Sr., individually, Appellants,
v.
FOOD FAIR STORES OF FLORIDA, Inc., a Florida corporation, Appellee.
No. 58-99.
District Court of Appeal of Florida. Third District.
October 23, 1958.
Rehearing Denied November 19, 1958.
Nichols, Gaither, Green, Frates & Beckham and Sam Daniels, Miami, for appellants.
Brown, Dean, Adams & Fischer and Charles K. George, Miami, for appellee.
CARROLL, CHAS., Chief Judge.
This appeal is from a final order of dismissal of appellants' amended complaint for failure to state a cause of action, by which complaint damages were sought as a result of injuries suffered by appellant James Shields, Jr., a minor.
*91 The boy was injured in a fall while proceeding on his motor bicycle to appellee's store to make a purchase. His fall occurred at an entranceway which connected a street to the appellee's parking area.
The facts on which the court acted were alleged in an amended complaint as follows:
"2. That on or about December 22, 1955, and at all times material to this action, the defendant owned, or was in possession of, in control of, and operating, a large supermarket called `Food Fair' which faced on 27th Avenue and which extended for approximately one city block with a drive-in entrance on Northwest 80th Street, in Dade County, Florida, and that it invited the public to come upon its said premises for the purpose of purchasing goods, food and other merchandise at said supermarket;
"3. That in connection with the operation of said supermarket it maintained a large parking area with a drive-in entrance for access to said parking area which said entranceway was maintained by the defendant and hence to said store from 80th Street, and that the said drive-in entranceway so maintained by it connected the parking area with 80th Street across a rocky shoulder of the road and that the continued use of this drive-in entranceway by customers and patrons of said store had caused the same to become in a dangerous and unsafe condition with holes and other irregularities and with loose gravel and with loose rock so as to render the same hazardous and dangerous for use; all of which was known by the defendant or should have been known to it in the exercise of reasonable care and that it had reasonable opportunity to remedy this said condition; or in the alternative that the said condition was caused solely by the use being made of the premises by the said store and the drive-in entranceway to its parking area which was used over, across and upon the said road, shoulder and roadside area leading into the parking lot of said store;
"4. That on said date while the minor plaintiff, James Shields, Jr., was upon an errand for his mother to purchase bread or other groceries at said store and while operating his motor bicycle, and while upon his way to enter the store premises as a patron, customer, invitee, or prospective customer or invitee, by either express or implied invitation of the said defendant, and as he turned in to go across the parkway and entrance to the defendant's said parking lot, his motor bike was caused to upset, and he was thrown violently to the road, pavement or surface of the ground, receiving serious brain injury and other injuries hereinafter alleged, and that his injuries were caused by the negligent act or negligent omission by the defendant as hereinafter stated;
"5. That the said defendant was negligent in the premises in that it either negligently created the said dangerous and unsafe condition of the approach to its said parking lot and entrance; or that it suffered and permitted the said condition to become dangerous and unsafe by the uses and practices of its business and negligently failed to repair the same or to maintain the same in a reasonable careful manner or condition so as to make the entrance ways to its parking lot and store reasonably safe for its customers and patrons and prospective customers."
Appellant states that the sole question for determination is the correctness of the order which dismissed the complaint, as finally amended, on the ground that it failed to state a cause of action.
In seeking reversal, appellants' counsel advanced the contention that the duty owed *92 by the appellee store operator to a customer (see McNaulty v. Hurley, Fla. 1957, 97 So.2d 185) applies beyond the boundary of the premises to exits and entranceways made use of, citing Cannon v. S.S. Kresge Co., 233 Mo. App. 173, 116 S.W.2d 559; Vians v. Safeway Stores, D.C.Mun.App., 107 A.2d 118; Horner v. Penn Fruit Co., 169 Pa.Super. 473, 82 A.2d 313. The reasoning offered by appellant in support of that point is that a duty to provide a reasonably safe entrance or exit necessarily compels the existence of reasonably safe conditions, leading into or away from the premises.
The appellee met that argument obliquely, by contending that an occupant of premises is under no obligation to maintain in a state of repair a public street adjacent to his premises and is not liable for injuries to passers-by from defects so located, citing numerous authorities bearing on that point.
The duty owed to invitees by an occupier of premises to maintain them in a reasonably safe condition includes and extends to approaches to the premises which are open to invitees in connection with their business on the premises, and which approaches are so located and constituted as to represent an invitation to visit the place of business and to use such means of approach. Blaine v. United States, D.C.Tenn., 102 F. Supp. 161; Bass v. Hunt, 151 Kan. 740, 100 P.2d 696; Purdy v. Loew's St. Louis Realty & Amusement Corporation, 220 Mo. App. 854, 294 S.W. 751; Cannon v. S.S. Kresge Co., supra, 233 Mo. App. 173, 116 S.W.2d 559; Brown v. Milligan, 33 Pa.Super. 244; 38 Am.Jur., Negligence, §§ 100 and 134.
While the authorities state the rule in general terms and show its application to approaches in or adjacent to buildings, there is no reason why the rule will not apply with equal force to approaches to a parking area supplied by a store-owner for use of invitees. Moreover, the amended complaint alleged actual maintenance of this entranceway connecting the parking area of the appellee to the street.
For the reasons stated, we conclude that the trial judge was in error in his holding that the amended complaint failed to state a cause of action, and the judgment of dismissal hereby is reversed, and the cause remanded for further proceedings.
Reversed.
HORTON and PEARSON, JJ., concur.