HENDRY, Judge
(concurring in part, and dissenting in part).
I believe the controlling question in this case as to Ansan’s liability is whether the landlord owed a duty to the tenant to warn her of, or cure a dangerous condition or defect which was in the sidewalk approximately one inch from its property line. The defect was in the only entrance or approach to a breezeway and bench on the landlord’s property, which tenants were invited to use.
It is my view that the landlord in this case owed a duty to the tenant to maintain not only its own property in a reasonably safe condition, but also approaches to its premises which are used by such tenant and other invitees to enter its premises. Whether it breached its duty in this case is a question of fact which I feel should have been determined upon a trial of the issues. It is my opinion that the record does not entitle the defendant, Ansan, to a summary judgment. In support of my contention, it is my belief that Shields v. Food Fair Stores of Florida, Fla.App.19S8, 106 So.2d 90, and Reed v. Ingham, Fla.App.1960, 125 So.2d 301, are controlling on this point.
In the Shields case, this court stated 106 So.2d at page 92:
“The duty owed to invitees by an occupier of premises to maintain them in a reasonably safe condition includes and extends to approaches to the premises which are open to invitees in connection with their business on the premises, and which approaches are so located and constituted as to represent an invitation to visit the place of business and to use such means of approach. Blaine v. United States, D.C.Tenn., 102 F. Supp. 161; Bass v. Hunt, 151 Kan. 740, 100 P.2d 696; Purdy v. Loew’s St. Louis Realty & Amusement Corporation, 220 Mo.App. 854, 294 S.W. 751; Cannon v. S. S. Kresge Co., supra, 233 Mo.App. 173, 116 S.W.2d 559; Brown v. Milligan, 33 Pa.Super. 244; 38 Am.Jur., Negligence, §§ 100 and 134.”
Therefore, I would reverse the summary judgment entered on behalf of the defendant, Ansan. As to the defendant, City of Miami, I fully agree with the majority in reversing the summary final judgment entered in behalf of that defendant.