358 So.2d 1171 (1978)
Margaret MARHEFKA and John Marhefka, Her Husband, Appellants,
v.
MONTE CARLO MANAGEMENT CORPORATION, and the Old Republic Insurance Company, Appellees.
Nos. 77-908, 77-909 and 77-928.
District Court of Appeal of Florida, Third District.
May 23, 1978.
Podhurst, Orseck & Parks and Joel D. Eaton, Miami, for appellants.
Rentz, McClellan & Haggard, Miami, for appellees.
Before HENDRY and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
CHARLES CARROLL (Ret.), Associate Judge.
This appeal is by the plaintiffs below from an order and a judgment by which their second amended complaint was dismissed with prejudice. We find error and reverse.
The appellants filed a complaint against Monte Carlo Management Corporation, doing *1172 business as Monte Carlo Hotel, and its liability insurer, for damages for personal injuries suffered by Margaret Marhefka, herein referred to as the plaintiff, and for derivative damages resulting to her husband.
By the second amended complaint it was alleged that at the time of the incident involved the plaintiffs, who were residents of New Jersey, were guests of the Monte Carlo Hotel, as defined in Section 509.013(3), Florida Statutes (1975); that as a means by which guests of the hotel were furnished access to the Atlantic Ocean the defendant had constructed and maintained "a set of wooden steps leading from the pool-cabana area of said hotel down to the beach"; that the defendant invited its guests to use and enjoy the beach and ocean and had advertised that said beach and ocean were available to its guests; that the steps were owned by and under the exclusive care and control of the defendant; that when the ocean tide was high the steps extended into the water, in which debris, logs and other partially submerged articles collected; that the wooden steps leading into the water were not protected from the debris at such times and were a dangerous condition; that the defendant did not close such steps to use by its guests during periods of high tide, and did not warn its guests of the above described dangerous condition of the steps, which was known or should have been known to defendant; further that defendant was negligent by failing to barricade or otherwise block use of the steps by its guests during such periods, in which the use thereof was thus dangerous, as it was known or should have been known to the defendant; that while the plaintiff was using said steps to descend to the ocean beach area she was struck violently and forcibly by a floating wooden plank causing her injuries.
The defendants moved to dismiss, stating as grounds that the amended complaint failed to state a cause of action, failed to disclose any duty owed by the defendant to the plaintiff, and failed to state any relationship between the action of the debris in the ocean and the steps. After hearing, the court entered an order on March 31, 1977 granting defendants' motion and dismissing the second amended complaint with prejudice. Plaintiffs filed appeals Nos. 77-909 and 77-925 from that dismissal order. The court entered a second order, entitled Final Judgment, on April 18, 1977, which also dismissed the second amended complaint with prejudice, and entered judgment for the defendants on the basis of said dismissal. The plaintiffs filed appeal No. 77-908 from the latter order. The dismissal of the action with prejudice was error.
The defendant was under a duty to the hotel guests to maintain the premises in a reasonably safe condition. That duty extended to the means which the defendant had provided expressly for use by the hotel guests for ingress to the ocean beach area, and the complaint alleged a dangerous condition of the latter as a breach of the defendant's duty to the plaintiff hotel guest. Whether such occurred involved factual questions to be determined by the trier of the facts.
In McNulty v. Hurley, 97 So.2d 185, 187 (Fla. 1957) the Supreme Court said:
"... The owner or occupant owes an invitee the duty of keeping the premises in a reasonably safe condition, and, as plaintiff contends, also to guard against subjecting such person to dangers of which the owner or occupant is cognizant or might reasonably have foreseen. First Federal Sav. & Loan Ass'n v. Wylie, Fla. 1950, 46 So.2d 396 and Messner v. Webb's City, Inc., Fla. 1952, 62 So.2d 66."
The position taken by the defendant-appellee was that the duty of the defendant to its hotel guests to keep the premises in a reasonably safe condition did not extend beyond its premises, and could not be extended to the steps facility which were not shown to be on its premises. That proposition is not applicable to the steps involved in this case where, as alleged, the steps were furnished by the hotel operator as the exclusive means of access to the ocean from its property, and when such facility represented an invitation to its guests to use that *1173 means for ingress and egress between its property and the immediately adjacent beach (at low tide) and to the ocean waters (at high tide). Shields v. Food Fair Stores of Florida, 106 So.2d 90, 92 (Fla. 3d DCA 1958); Reed v. Ingham, 125 So.2d 301 (Fla. 2d DCA 1961); Thompson v. Ward Enterprises, 341 So.2d 837, 839 (Fla. 3d DCA 1977).
In Shields v. Food Fair Stores of Florida, supra, an operator of a supermarket had provided and maintained a short entrance driveway connecting its parking area to a nearby street, for use of its customers as an invited means of entering its premises from the street. It was alleged the connecting road section was negligently maintained by the defendant and had become dangerous, and that the plaintiff customer using it to enter defendant's premises from the street, while riding a bicycle, had been caused to fall and become injured due to the defective condition of the connecting roadway. In Shields the plaintiff-appellant argued that the duty of the defendant to its invitees to maintain its premises in a reasonably safe condition, which includes the need to provide reasonably safe entrances and exits, requires that the conditions it provides for use of its customers leading into or away from its premises likewise should be maintained in a reasonably safe condition. In that case, as here, the defendant contended its duty did not extend beyond its property line. That contention was rejected, and the dismissal of the complaint was reversed in Shields, in which this court said:
"The appellee met that argument obliquely, by contending that an occupant of premises is under no obligation to maintain in a state of repair a public street adjacent to his premises and is not liable for injuries to passers-by from defects so located, citing numerous authorities bearing on that point.
The duty owed to invitees by an occupier of premises to maintain them in a reasonably safe condition includes and extends to approaches to the premises which are open to invitees in connection with their business on the premises, and which approaches are so located and constituted as to represent an invitation to visit the place of business and to use such means of approach. (Citations omitted)
While the authorities state the rule in general terms and show its application to approaches in or adjacent to buildings, there is no reason why the rule will not apply with equal force to approaches to a parking area supplied by a store-owner for use of invitees. Moreover, the amended complaint alleged actual maintenance of this entranceway connecting the parking area of the appellee to the street."
For the reasons stated, the judgment is reversed and the cause is remanded for further proceedings.